UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CASE NO. SA-24-CA-00093-XR |
| | § | |
| KLAUS, INC. | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT KLAUS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Klaus, Inc. ("Klaus") and responds to the allegations made by

Plaintiff Mulholland Energy Services, LLC ("Mulholland"), and files the attached Motion to

Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

In support of this Motion, Klaus would show this Court the following:

## I.      INTRODUCTION

1.      Mulholland has sued Klaus for a suit on sworn account. Pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, Plaintiff moves for a partial dismissal of the Claims

asserted by Mulholland against Klaus. Specifically, Klaus moves to dismiss the suit on sworn

account claim made by Mulholland against Klaus.

## II.      LEGAL STANDARD

2.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief

must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

3.      A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

### III.      ARGUMENT

4.      In Texas, a suit on a sworn account requires the following elements: (1) the sale and delivery of merchandise or performance of services, (2) the amount of the account is just, that is, the prices charged are usual, customary, or reasonable, and (3) outstanding amounts remain unpaid. Tex. R. Civ. P. 185; *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.— Houston [1st Dist.] 1997, no writ).

5.      Under Rule 185 of the Texas Rules of Civil Procedure, a plaintiff's petition on a sworn account must contain a systematic, itemized statement of the goods or services sold, must reveal offsets made to the account, and must be supported by an affidavit stating that the claim is, within the affiant's knowledge, "just and true." Tex. R. Civ. P. 185; *Andrews v. East Texas Med. Ctr.-Athens*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ); *see also Anderson v. Hake*, 300 S.W.2d 663, 664 (Tex. Civ. App.—Dallas 1957, no writ) (holding that statement of account attached to petition was not sufficiently itemized for purposes of sworn account rule where statement only showed date of purchase and amount thereof).

6.      The unsworn declaration attached to the Plaintiff's Amended Petition does not verify the records attached to Mulholland's First Amended Petition and does not verify the claim in the First Amended Petition – the only petition served on Klaus.  Specifically, the unsworn declaration only "aver[s] that the claim attached to Plaintiff's *Original Petition* is within my personal knowledge ..."  (emphasis added). That claim and Original Petition have never been served on Klaus.  There is no averment with respect to the alleged claim set forth in the *First Amended Petition*.

7.      The Plaintiff's unsworn declaration verifies a document that had been superseded. Plaintiff cannot rely on its Original Petition for two reasons: (1) it was never served on Klaus; and (2) because it has been superseded. Plaintiff's First Amended Petition supersedes and supplants its Original Petition such that the Original Petition "shall no longer be regarded as a part of the pleading in the record of the cause." Tex. R. Civ. P. 65; *see also Cont'l Alloys & Servs. (Delaware) LLC v. YangZhou Chengde Steel Pipe Co.,* 597 S.W.3d 884, 898 (Tex. App. 2020)

8.      Rule 185 is strictly construed. If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *See Enernational Corp.*

*v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex. App.—Houston [1ˢᵗ Dist.] 1986, writ ref'd n.r.e.); *see also Jenkins v. Truck Ins. Exchange*, 576 S.W.2d 167, 169 (Tex. Civ. App 1979) (denying defendant's objection that the affidavit attached to the first amended petition was a photocopy of the affidavit attached to the original petition only because "an examination of the two jurals reveal[ed] distinct differences in the writing and notary's signatures."); *see also DeWees v. Alsip*, 546 S.W.2d 692, 694 (Tex. Civ. App. 1977) (mere omission of the phrase "just and true" invalidated the affidavit and the prima facia case).

9.      Here, there are no differences between the two unsworn declarations – they are identical, down to the smudges. For comparison, the unsworn declaration attached to the Original Petition is attached as Exhibit 1 and the unsworn declaration attached to the First Amended Petition is attached as Exhibit 2.

10.      Therefore, Mulholland has pled a cause of action against Klaus that is invalid as a matter of law. For this reason, this claim should be dismissed.

## IV.    **PRAYER**

WHEREFORE, above premises considered, Klaus prays that Mulholland appear and answer herein and that upon final hearing Klaus have and recover the following:

A.      A dismissal with prejudice of all claims and amounts asserted by Mulholland; and

B.      Such other and further relief, at law or in equity, for which Klaus may be justly entitled.

Respectfully submitted,

**CONNER & WINTERS, LLP**

*s/Ryan Scharnell*

Scott P. Hathaway
OK State Bar No. 13695
Ryan T. Scharnell
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
            rscharnell@cwlaw.com

**ATTORNEYS FOR DEFENDANT
KLAUS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the above and foregoing was served on this 6th day of February 2024, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Magana & Van Dyke, PLLC
Jason Lee Van Dyke
Texas Bar No. 24057426
1417 E. McKinney St., #110
Denton, TX 76209

*s/Ryan Scharnell*

Ryan T. Scharnell