UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:24-cv-00093-XR |
| v. | § § | |
| KLAUS, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### INTRODUCTION

1. This suit is brought by Mulholland Energy Services, LLC against Klaus, Inc. for failure to pay a commercial debt. Specifically, between March 30, 2022 and June 8, 2022, Plaintiff provided services relating to oilfield operations at or around Pleasanton, Texas. Defendant has failed to timely pay the debt despite demand being tendered for the same.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, Plaintiff is a citizen of the State of Texas and Defendant is a citizen of the State of Oklahoma.

3. Venue is property in the San Antonio division of this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to

1

Plaintiff's claims occurred in Pleasanton, Texas.

## PARTIES

4. Plaintiff is Mulholland Energy Services, LLC ("Plaintiff"), a Texas limited liability company, whose address is 10308 WCR 72, Midland, TX 79707.

5. Defendant, Klaus, Inc. ("Defendant"), is an Oklahoma corporation. On information and belief, Defendant's principal office is located in Drumright, Oklahoma.

## FACTS

6. Plaintiff is in the business of providing hydraulic evacuation ("hydrovac") services to companies in the oil and gas industry during drilling operations. This process involves using high pressure water to dig and remove soil from an evacuation site without harming underground utilities. During this process, the excavated material is suctioned into a tank mounted to a truck and then carried offsite to a designated dump location. This allows for quick and precise excavations which require less backfill, less labor, and significantly less environmental impact than conventional drilling methods. However, the primary importance of this technique is the significantly reduced threat it poses to underground utility lines.

7. Defendant, also a company engaged in the oil and gas industry, contracted with Plaintiff to provide hydrovac services at a drilling site located at or around Pleasanton, Texas.

8. Plaintiff rendered these services to Defendant at its request between March 30, 2022 and June 8, 2022.

9. A ticket was generated by Plaintiff every time a service was requested and, after the

services were provided, invoices for services rendered were tendered to Defendant. Each invoice was due thirty days after the date of the invoice.

10. Plaintiff tendered the following invoices to Defendant seeking payment for the services rendered at its request:

| Invoice No. | Date | Amount |
|---|---|---|
| 20220405041 | April 2, 2022 | $9,600.00 |
| 20220412053 | April 9, 2022 | $19,200.00 |
| 20220419018 | April 12, 2022 | $5,050.00 |
| 20220503042 | April 30, 2022 | $9,600.00 |
| 20220509082 | May 5, 2022 | $9,600.00 |
| 223841 | May 9, 2022 | $9,600.00 |
| 2204080 | May 21, 2022 | $14,400.00 |
| 224500 | May 26, 2022 | $7,200.00 |
| 225223 | June 8, 2022 | $4,847.36 |
| Total | | $89,097.46 |

11. Defendant has failed to pay any of the invoices referenced in paragraph 10 above.

12. After all just and lawful offsets, credits, and payments, Defendant remains indebted to Plaintiff in the amount of $89,097.46.

13. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## CAUSES OF ACTION

### COUNT ONE
### Breach of Contract

14. The agreement between the parties under which Plaintiff would provide hydrovac services to Defendant in exchange for compensation constituted a valid and enforceable contract between the parties.

3

15. Plaintiff performed, tendered performance of, or was excused from performing all of its obligations under the contract. Specifically, Plaintiff actually performed the hydrovac services at the various excavation sites as requested by Defendant. At no point did Defendant reject Plaintiff's services or express any dissatisfaction with the services rendered.

16. Defendant breached the contract by failing to pay Plaintiff for the services after they had been rendered.

17. Defendant's breach damaged Plaintiff in the amount of $89,097.46, which is the amount for which Plaintiff now sues.

## COUNT TWO
### Account Stated

18. The transactions between the parties to this litigation give rise to an indebtedness of Defendant to Plaintiff. Specifically, Plaintiff's performance of the hydrovac services at Defendant's request gave rise to the indebtedness complained of herein.

19. The express or implied agreement between the parties fixed the amount due which, in this case is $89,097.46.

20. Defendant made a promise, express or implied, to pay the indebtedness. Specifically, Defendant requested (and continued to request) Plaintiff's services over a period of approximately two months and accepted the benefit of the services rendered to it by Plaintiff.

## CLAIM FOR ATTORNEY FEES

21. The failure and refusal of Defendant to pay its lawful debts has made it necessary

for Plaintiff employ the undersigned attorney to file suit. This claim was timely presented to Defendant remains unpaid. Reasonable fees for the attorney's services rendered and to be rendered through trial and appeal are at least $26,729.20. Plaintiff's entitlement to attorney fees is pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(1)-(2) and (8).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief:

a. Actual damages in the amount of $89,097.36

b. Pre-judgment and post-judgment interest at the highest rate permitted by law;

c. Reasonable attorney fees in the amount of $26,729.20 with additional contingent amounts in the event of appellate proceedings;

d. All taxable costs of court; and

e. All such further relief, in law and in equity, to which Plaintiff may show itself to be justly entitled.

Dated: February 9, 2024

By: /s/ Jason Lee Van Dyke

Jason Lee Van Dyke
Tex. Bar No. 24057426
Magana & Van Dyke, PLLC
1417 E. McKinney St., #110
Denton, TX 76209
P – (940) 382-1976
F – (469) 453-3031
Email: jason@maganavandyke.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, a true and accurate copy of the foregoing was served via ECF procedures of this Court to all counsel of record.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
