UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:24-cv-00093-XR |
| v. | § § | |
| KLAUS, INC. | § § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff, Mulholland Energy Services, LLC, files this response and Defendant's Motion to Dismiss for Failure to State Claim and asks that said motion be denied. As grounds therefore, Plaintiff states as follows:

**INTRODUCTION**

1. While Defendant's motion to dismiss (ECF 9) under Fed. R. Civ. P. 12(b)(6) has been mooted by Plaintiff's filing of a second amended complaint (ECF 10), Plaintiff now files this response as required by Local Rule CV-7 and the holding of the Second Circuit in *Pettaway v. National Recovery Solutions, LLC.* 955 F.3d 299, 303 (2d Cir. 2020) (holding that, even where an amended pleading has superseded the original, district courts may either deny a pending 12(b)(6) motion as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading).

## PROCEDURAL BACKGROUND

2. This case was originally filed in the district courts of Atascosa County, Texas on September 28, 2023. After Plaintiff was unsuccessful in serving Defendant's registered agent with process in Oklahoma, it filed its First Amended Petition[1] in that Court so as to permit it to serve Defendant with process by and through the Texas Secretary of State as allowed by Tex. Bus. Orgs. Code § 5.251(1)(A)-(B).

3. During the course of serving Defendant with process, Plaintiff's counsel learned that Defendant was represented by Mr. Hathaway in Oklahoma and ultimately an agreement was made amongst counsel concerning the filing of documents responsive to Plaintiff's claim. Ultimately, this case was removed to this Court.

4. On February 6, 2024, Defendant filed a motion to dismiss this case under Fed. R. Civ. P. 12(b)(6). Specifically, Defendants took exception to the documents attached to Plaintiff's First Amended Petition. See ECF 9, ¶ 5 – 8.

5. Plaintiff filed its Second Amended Complaint on February 9, 2024. ECF 10. Although this document effectively mooted Defendant's motion, a response to the same is nevertheless required under both Local Rule CV-7 and *Pettaway*.

## ARGUMENT

**A. Standard of Review**

6. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*,

---

[1] In Texas state courts, a "complaint" is referred to as a "petition".

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

7. To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Defendant correctly states that a Court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. ECF 9, ¶ 3.

**B. Even If Plaintiff Had Not Filed Its Second Amended Complaint, Defendant's Motion Would Be Unfounded Because It Addresses Purely Procedural Requirements Inapplicable in Federal Court.**

8. This Court has jurisdiction over this case pursuant to its diversity jurisdiction and, in such cases, federal courts apply state substantive law and federal procedural law pursuant to the *Erie* doctrine. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). A suit on a sworn account is merely a procedural device created by Tex. R. Civ. P. 185 to recover under a theory for breach of contract. *Sherrad v. SignAd, Ltd.*, 637 S.W.3d 192, 201 (Tex. App.

– Houston [14th Dist.] 2021, no pet.); *Smith v. CDI Rental Equip., Ltd.,* 310 S.W.3d 559, 566 (Tex. App. – Tyler 2010, no pet.). See also *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979) (a sworn account is a rule of procedure . . . ). Accordingly, the Fifth Circuit has held that it is not applicable in federal court. *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 F. App'x 375, 377 (5th Cir. 2007) (per curiam) ("Rule 185 is a procedural rule and does not apply under *Erie*….").

9. Texas has retained common law causes of action not only for breach of contract, but also for accounts stated and for open accounts. *Site Work Grp., Inc. v. Chem. Lime Ltd.*, 171 S.W.3d 512, 513-14 (Tex. App.—Waco 2005, no pet.). The issues with Plaintiff's FirstAmended Petition addressed by Defendant do not overcome the validity of the underlying claim asserted by Plaintiff therein: they are relevant only to question of whether the evidence attached would be procedurally sufficient for Plaintiff to obtain a summary judgment in the absence of a sworn denial by Defendant. Plaintiff would no longer be permitted to avail itself of such a privilege anyway; the Fifth Circuit has forbidden it. *Sunshine Traders,* 219 F. App'x at 377.

10. Even if Plaintiff's First Amended Petition had failed to meet the purely procedural requirements of a suit on a sworn account, it still plausibly plead the common law requirements of breach of contract or open account. However, Plaintiff has amended its complaint as allowed by Fed. R. Civ. P. 15(a)(1)(B). In doing so it has abandoned the state court procedural device of suit on a sworn account and reasserted its claims against Defendant as common law claims for breach of contract and account stated.

11. The procedural and evidentiary requirements referenced in Defendant's motion have not been applicable to Plaintiff's claim since it was removed to federal court. If they were not rendered moot by the removal of this case from state court, they were certainly mooted by the filing of Plaintiff's Second Amended Complaint. Accordingly, Defendant's motion to dismiss should be denied.

12. Even if this Court wishes to consider Defendant's motion in light of the amended pleadings, both its First Amended Petition (filed in state court) and its Second Amended Complaint demonstrate a plausible right to recovery against Defendant: because either plead claims for open account/account stated and/or breach of contract.

## PRAYER

Plaintiff prays Defendant's motion to dismiss for failure to state a claim be denied.

Dated:  February 12, 2024

By: /s/ Jason Lee Van Dyke

Jason Lee Van Dyke
Tex. Bar No. 24057426
Magana & Van Dyke, PLLC
1417 E. McKinney St., #110
Denton, TX 76209
P – (940) 382-1976
F – (469) 453-3031
Email:  jason@maganavandyke.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, a true and accurate copy of the foregoing was served via ECF procedures of this Court to all counsel of record.

<u>/s/ Jason Lee Van Dyke</u>
JASON LEE VAN DYKE
