UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:24-cv-00093-XR |
| v. | § § | |
| KLAUS, INC. | § § § | |
| Defendant. | § | |

## JOINT FED. R. CIV. P. 26 REPORT

1. Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount in controversy.

   **There are no outstanding jurisdictional issues. The parties agree that the amount in controversy exceeded $75,000 at the time of removal.**

2. Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   **There are not presently any unserved parties.**

3. What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **Plaintiff's causes of action are for breach of contract, and alternatively, for account stated.**

   **The parties stipulate and agree that the elements of breach of contract are (1) A valid and enforceable contract; (2) The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) The defendant breached the contract; and (4) The defendant's breach caused the plaintiff injury.** *Turner v. Ewing*, **625 S.W.3d 510, 518 (Tex. App. – Houston [14th Dist.] 2020, pet. denied).**

**The parties stipulate that the elements of a common law claim for account stated are: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due, and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness.** *Dulong v. Citibank (South Dakota), N.A.*, **261 S.W.3d 890, 893 (Tex. App.- Dallas 2008, no pet.);** *Neil v. Agris*, **693 S.W.2d 604, 605 (Tex. App. - Houston [14th Dist.] 1985, no writ)**

**Defendant has not yet filed an answer asserting any affirmative defenses. There are not presently any counterclaims. Defendant's Answer to Plaintiff's Second Amended Complaint is presently due on Friday, March 1, 2024.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   **No such agreements or stipulations can be made at this time.**

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   a. what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

      **The parties have agreed that initial disclosures should be due thirty (30) days after the scheduling conference in this case.**

   b. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

      **The parties have agreed that discovery should be completed by October 31, 2024. The parties agree that discovery need not be conducted in phases or otherwise limited except as provided by Fed. R. Civ. P. 26(b)(1).**

   c. any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be

produced;

**The parties have agreed that, where possible, discovery shall be produced in Adobe PDF format via electronic mail. In the event that it is not possible (for example, due to file size) to produce discovery by email, the parties agree as a secondary method to the use of online cloud systems such as Dropbox or Google Drive to exchange discovery. A tertiary method for exchanging discovery would be by U.S. mail on thumb drives, DVD-Rs, or other mutually agreeable formats.**

**If it is not possible to preserve a document in PDF format, the parties agree that it may be produced in its original format provided that the document can be opened by commonly available software available at no cost or de minimis cost.**

d. any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**The parties do not currently anticipate issues about claims of privilege or of protection. If such issues arise, the parties have agreed to work in good faith to resolve such issues and, if good faith negotiations fail, to raise these issues with the Court by written motions.**

e. what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**None.**

f. any other orders that the court should issue under [Rule 26(c)](#) or under [Rule 16(b)](#) and [(c)](#).

**None.**

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**No discovery has been completed. This case was removed from the district**

**courts of Atascosa County, Texas to this Court prior to the filing of an answer by Plaintiff and prior to the date disclosures were due on Tex. R. Civ. P. 194.**

7. What, if any, discovery disputes exist?

   **There are no discovery rules which presently exist.**

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

   **The parties do not believe that such an order is necessary at this time.**

9. Have the parties discussed mediation?

   **The parties are agreeable to mediation and would ask that the Court appoint a mediator. Due to the distance between the parties, the parties would prefer that the Court consider appointing a mediator who is willing and able to conduct mediation via Zoom, MS-Teams, or similar means of teleconferencing.**

          Respectfully submitted,

          **Magana & Van Dyke, PLLC**

          /s/ Jason Lee Van Dyke
          Jason Lee Van Dyke
          State Bar No. 24057426
          1417 E. McKinney Street, #110
          Denton, TX 76209
          P – (940) 382-1976
          F – (469) 453-3031
          Email: jason@maganavandyke.com

          Attorneys for Plaintiff

*s/ Ryan T. Scharnell*
P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
**CONNER & WINTERS, LLP**
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
          rscharnell@cwlaw.com

***ATTORNEYS FOR DEFENDANT***