UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC | § § § § | |
| Plaintiff, | | |
| v. | § | CASE NO. SA-24-CA-00093-XR |
| | § § | |
| KLAUS, INC. | § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| ENBRIDGE PIPELINES, INC.; CLEVELAND INTEGRITY SERVICES, LLC; and CLERMONT INNOVATIVE DESIGN, LLC, | § § § § § § | |
| Third-Party Defendants. | § | |

**DEFENDANT KLAUS, INC.'S AMENDED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST ENBRIDGE PIPELINES, INC., CLEVELAND INTEGRITY SERVICES, LLC AND CLERMONT INNOVATIVE DESIGN, LLC**

COMES NOW Defendant Klaus, Inc., ("**Klaus**"), by and through its counsel of record, and pursuant to FRCP 14(a), moves this Honorable Court for leave to file a Third-Party Complaint against Enbridge Pipelines, Inc. ("**Enbridge**"), Cleveland Integrity Services, L.L.C. ("**Cleveland Integrity**"), and Clermont Innovative Design, L.L.C. ("**Clermont Innovative**"), in the form attached hereto as Exhibit "A", and in support thereof would show unto the Court the following:

1. On February 9, 2024, Plaintiff filed its Second Amended Complaint against Klaus alleging it provided Klaus hydraulic evacuation services to Klaus relating to Klaus' work at Enbridge Pipeline, Inc.'s property in Cushing, Oklahoma.

2. While Klaus denies and continues to deny that it is liable for the claims alleged by Plaintiff in its Second Amended Complaint, if it be shown that they are in fact liable to Plaintiff on account of the matters and things alleged in the Second Amended Complaint, then in such event, Klaus shall be entitled to recover the same from the third-party defendants which either benefited from Klaus work and have not compensated Klaus for its services, or who interfered with Klaus' business relationships, causing Klaus to not get paid for those services.

3. In October 2021, Cleveland Integrity contacted Klaus and convinced it to submit a bid to Pilgrim Construction, LLC ("**Pilgrim**") to perform the electrical and instrumentation portion of the M 202 and 206 project at the Cushing Facility. Klaus bid an amount of $875,000, and was awarded the job to complete the electrical and instrumentation scope of work for the M 202 N. Utilization and M223 Connectivity according to the plans and specifications provided by Enbridge Pipelines, Inc. (the "**Cushing Facility Project**").

4. Clermont Innovative was the Project Manager for the Cushing Facility Project and worked closely with Cleveland Integrity.

5. Unbeknownst to Klaus, Cleveland Integrity, with the assistance of Clermont Innovative, concocted a false narrative that Klaus was incompetent and the cause of the Cushing Facility Project delays. Cleveland Integrity shared this narrative with Pilgrim to cover its own shortcomings. Cleveland did this despite the fact it and Clermont Innovative knew or should have known the delays at the Cushing Facility Project were caused by others, including Pilgrim.

6. Eventually, Pilgrim succumbed to the false narrative and stationed its own electricians at the Cushing Facility Project, and eventually took control of the work. At that time, all communications relating to the work at the Cushing Facility Project between Cleveland

Integrity, Clermont Innovative, Pilgrim and Klaus ceased, and Klaus no longer received team meeting invitations.

7. Since June 2022, Klaus' invoices for work previously performed (and invoices previously submitted for payment) have gone unpaid. When the payments to Klaus stopped, it pulled its crews from the Cushing Facility Project.

8. When it pulled its crews, Klaus had performed over $320,382.84 in work on the Cushing Facility Project, evidenced by outstanding invoices that have not been paid.

9. FRCP 14(a) states that a third-party action may be brought against any party not a party to the lawsuit "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Accordingly, Klaus submits that good cause exists sufficient to support an order by this Court allowing it to file its Third-Party Complaint against Enbridge, Cleveland Integrity, and Clermont Innovative.

WHEREFORE, PREMISES CONSIDERED, Defendant Klaus respectfully requests this Honorable Court to enter an order granting it leave to file its Third-Party Complaint against Enbridge, Cleveland Integrity, and Clermont Innovative.

Respectfully submitted,

**CONNER & WINTERS, LLP**

s/ Ryan T. Scharnell
P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
           rscharnell@cwlaw.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the above and foregoing was served on this 18th day of April 2024, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Jason Lee Van Dyke
MAGANA & VAN DYKE, PLLC
Texas Bar No. 24057426
1417 E. McKinney St., #110
Denton, TX 76209

                                                                                                          *s/Ryan T. Scharnell*
                                                                                                          Ryan T. Scharnell