UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MULHOLLAND ENERGY SERVICES, LLC § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> § <br> KLAUS, INC. § <br> § <br> **Defendant/Third-Party Plaintiff,** § <br> § <br> v. § <br> § <br> ENBRIDGE PIPELINES, INC.; § <br> CLEVELAND INTEGRITY SERVICES, § <br> LLC; and CLERMONT INNOVATIVE § <br> DESIGN, LLC, § <br> § <br> **Third-Party Defendants.** § | CASE NO. SA-24-CA-00093-XR |

**DEFENDANT/THIRD-PARTY PLAINTIFF KLAUS, INC.'S
THIRD-PARTY COMPLAINT AGAINST ENBRIDGE PIPELINES, INC., CLEVELAND
INTEGRITY SERVICES, LLC AND CLERMONT INNOVATIVE DESIGN, LLC**

COMES NOW Defendant and Third-Party Plaintiff Klaus, Inc., ("**Klaus**"), by and through its counsel of record, and for its third-party complaint against third-party defendants Enbridge Pipelines, Inc. ("**Enbridge**"), Cleveland Integrity Services, L.L.C. ("**Cleveland Integrity**"), and Clermont Innovative Design, L.L.C. ("**Clermont Innovative**"), alleges and states as follows:

1. Third-Party Plaintiff Klaus is an Oklahoma company, with its principal place of business in Cushing, Oklahoma and is a resident of Oklahoma.

2. Third-Party Defendant Enbridge is a Delaware limited liability company, who may be served through its registered agent, the Corporation Company, 120 N. Robinson, Ste. 735,

Oklahoma City, OK 73102, who owns real property at 2101 S. Linwood Avenue, Cushing, Oklahoma (the "**Cushing Facility**") and is a resident of Oklahoma.

3. Third-Party Defendant Cleveland Integrity is a Delaware limited liability company which can be served through the CT Corporation at 1833 South Morgan Road, Oklahoma City, Oklahoma 73128, with its principal place of business at 370690 Old Highway 64, Cleveland, Oklahoma, and is a resident of Oklahoma.

4. Third-Party Defendant Clermont Innovative Design, L.L.C is an Oklahoma limited liability company that can be served via Travis W. Mechan, 1704 N 12th Street, Broken Arrow, Oklahoma 74012, and is a resident of Oklahoma.

5. The Court has jurisdiction over the subject matter of this third-party complaint, the parties hereto, and venue is proper.

6. Klaus specializes in oilfield electrical installation and maintenance, and is the only electrical installation company certified to do work at the Cushing Facility.

7. In October 2021, John Yuran ("**Yuran**") with Cleveland Integrity contacted Klaus concerning a large project at the Cushing Facility. Mr. Yuran informed Klaus that if it was interested in the job, Klaus should submit a bid between $850,000-$950,000. Yuran subsequently served as the Chief Inspector on the project at the Cushing Facility.

8. Klaus submitted a bid to Pilgrim Construction, LLC ("**Pilgrim**", the contractor on Cushing Facility project) for the electrical and instrumentation portion of the M 202 and 206 project at the Cushing Facility in an amount of $875,000 and was eventually awarded the job.

9. On December 14, 2021, Klaus and Pilgrim executed a *Subcontract Agreement* for Klaus to complete the electrical and instrumentation scope of work for the M 202 N. Utilization

and M223 Connectivity according to the plans and specifications provided by Enbridge Pipelines, Inc. ("**Cushing Facility Project**").

10. Lane Frantz ("**Frantz**") with Clermont Innovative was the Project Manager for the Cushing Facility Project and worked closely with Yuran, the Chief Inspector.

11. Although Klaus was scheduled to commence work at the Cushing Facility Project on February 12, 2022, its start was delayed due to various oversights on behalf of Pilgrim and Enbridge.

12. When Klaus started work at the Cushing Facility Project, it informed Cleveland Integrity that Shane Hallman ("**Hallman**") would be taking a short leave of absence, but that it had others on site to manage the work. However, at Yuran's suggestion, Klaus retained John Maffeo ("**Maffeo**"), a former 20-year employee of Enbridge who at the time of his retirement was the lead electrical & implementation technician for Enbridge, to assist on the project during Hallman's absence.

13. Despite Klaus working around other's oversights, and retaining Maffeo at Yuran's request, unbeknownst to Klaus, Cleveland Integrity, with the assistance of Clermont Innovative, was communicating with Pilgrim Construction, building a false narrative that Klaus was incompetent. Yuran emailed and/or texted Pilgrim (Lee Windham, who was overseeing the Cushing Facility Project from Mississippi, and rarely on site) fabricating a narrative that Klaus was the reason for the delay on the Cushing Facility Project, despite the delay being out of Klaus' control.

14. Despite Yuran as the Chief Inspector having an Enbridge supervisor, he carried out instructions given to him by Frantz and Clermont Innovative, specifically, but not limited to those regarding Klaus.

15. In late February 2022, Cleveland Integrity emailed Pilgrim questioning Klaus' ability to procure materials, and raised concerns relating to the completion of a substation and ESB for timely inspection. Klaus was to assemble the substation and ESB (as it had done previously for Enbridge), but Enbridge was responsible for providing the materials. Cleveland Integrity's email was sent despite Enbridge having not received the substation and ESB, and at a time when Enbridge could not provide Klaus with a delivery date for same.

16. On March 8, 2022, Yuran sent a mass email and intentionally cast doubt on Klaus timely completing the Cushing Facility Project, even though Klaus was still awaiting delivery of the substation and ESB. Yuran criticized Klaus' reasons for hiring Maffeo even though Maffeo was hired at Yuran's request.

17. On March 26, 2022, Yuran sent another text message to Pilgrim and others, questioning Klaus' ability to meet the completion date (in-service date) of May 5, 2022. However, at that time, the substation had just been delivered the previous week, and the ESB just three days prior. Klaus' installation of the substation and ESB began on March 25, 2022, by no fault of Klaus'.

18. Klaus' work was also delayed because Pilgrim, not Klaus, did not timely supply cable trays for Klaus to install. Regardless, Klaus diligently continued to work around the issue, doing what it could, until the Pilgrim could procure the cable trays.

19. On March 29, 2022, Klaus met with Yuran to discuss his inappropriate text messages and changing the in-service-date due to lead times on materials needed to complete the Cushing Facility Project. While apologizing for the text message, Yuran refused to consider a change to the in-service date because he wanted to be the first project manager to complete a project on the original in-service date.

20. In mid-April, Yuran interfered again with the Klaus-Pilgrim relationship when he emailed Pilgrim that if the in-service date was pushed back on the Cushing Facility Project, Enbridge could hold Pilgrim responsible for damages resulting from Pilgrim's breach of its contract with Enbridge. In the same email, Yuran blamed Klaus for the delay, despite his knowledge related to the delays of the substation, ESB and installation cable trays were all outside the control of Klaus.

21. Pilgrim forwarded Yuran's email to Klaus informing Klaus that it would be responsible for any back charges incurred by Pilgrim.

22. As a result of Yuran's interference, on May 8, 2022, Pilgrim emailed Klaus alleging Klaus was the reason for the delay at the Cushing Facility Project. When Klaus inquired about the email, Pilgrim could not answer or provide evidence explaining how Klaus was the cause of the delay at the Cushing Facility Project.

23. However, a week after the email, Pilgrim's electricians appeared at the Cushing Facility Project. Initially, Klaus was informed that it would oversee those electricians.

24. By the end of May 2022, all communications between Cleveland Integrity, Clermont Innovative, Klaus and Pilgrim ceased, and Klaus no longer received team meeting invitations.

25. In early June 2022, Pilgrim refused to pay Klaus' invoices for work previously performed (and invoices previously submitted). When the payments to Klaus stopped, Klaus had no other option but to pull its crews from the Cushing Facility Project.

26. At the time it pulled its crew from the Cushing Facility Project, Klaus had completed approximately 90% of its work on the $875,000 contract, yet was only paid a total of $477,246.66.

27.     At the time Klaus removed its crews, it had paid for all materials, supplies and labor it needed for the Cushing Facility Project. Only Mulholland has made a claim for unpaid materials or services.

28.     In August 2022, after Klaus removed its crews from the Cushing Facility Project, Enbridge Maintenance contacted Klaus to ground down the overhead lines so that Pilgrim would be able to tie the air switch into the overhead lines. This was an issue Klaus previously raised in early March 2022 when working on the Cushing Facility Project, but Klaus was informed it was not a specification. Klaus subsequently performed the work for Enbridge Maintenance since Pilgrim was not certified, and Klaus was promptly paid directly by Enbridge Maintenance.

## CLAIMS FOR RELIEF

### COUNT ONE – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (Cleveland Integrity Services, LLC and Clermont Innovative Design, LLC)

29.     Klaus realleges and adopts by reference the allegations contained in Paragraphs 1 - 28, above, and further alleges as follows:

30.     Klaus and Pilgrim entered the Subcontract Agreement for Klaus to perform the electrical and instrumentation scope of work for the M 202 N. Utilization and M223 Connectivity at the Cushing Facility Project, and Cleveland Integrity and Clermont Innovative knew, or under the circumstances, reasonably should have known about the Subcontract Agreement.

31.     Cleveland Integrity and Clermont Innovative, specifically but not limited to Yuran and Frantz, intentionally interfered with Subcontract, by unfairly spreading a false narrative about Klaus being the reason for the delay, causing Pilgrim to breach the Subcontract Agreement.

32.     As a direct result of Cleveland Integrity's and Clermont Innovative' s intentional conduct, Klaus suffered damages in the form of non-payment for work performed under the Subcontract Agreement in an amount exceeding $477,246.66.

**COUNT TWO – QUANTUM MERUIT/UNJUST ENRICHMENT**
**(ENBRIDGE)**

33. Klaus realleges and adopts by reference the allegations contained in Paragraphs 1 - 32, above, and further alleges as follows:

34. Klaus furnished its valuable services at Cushing Facility Project, owned by Enbridge, with the reasonable expectation of being compensated.

35. Enbridge knowingly accepted the benefit of Klaus' services at the Cushing Facility Project.

36. The reasonable value of the service provided by Klaus totaled $320,382.84.

37. Klaus has received no compensation for the services it provided.

38. Enbridge would be unfairly benefited by Klaus' services on the Cushing Facility Project if no compensation were paid to Klaus.

WHEREFORE, Defendant and Third-Party Plaintiff Klaus respectfully requests judgment against the third-party defendants, Enbridge for $447,300.66 in damages related to its unjust enrichment, and against Defendants Cleveland Integrity, and Clermont Innovative, for damages related to the interference with its business relationship, punitive damages, and Klaus' costs expended herein for having to prosecute this third-party claim, in additional to any and all other relief for which this Court deems just and reasonable.

Respectfully submitted,

**CONNER & WINTERS, LLP**

*s/ Ryan T. Scharnell*

P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
rscharnell@cwlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was served on this ___ day of April, 2024, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Jason Lee Van Dyke
MAGANA & VAN DYKE, PLLC
Texas Bar No. 24057426
1417 E. McKinney St., #110
Denton, TX 76209

*s/ Ryan T. Scharnell*
Ryan T. Scharnell
