UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § | CASE NO. SA-24-CA-00093-XR |
| KLAUS, INC. | § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| ENBRIDGE PIPELINES, INC.; CLEVELAND INTEGRITY SERVICES, LLC; and CLERMONT INNOVATIVE DESIGN, LLC, | § § § § § | |
| Third-Party Defendants. | § | |

**THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC'S
MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Third-Party Defendant Clermont Innovative Design, LLC ("Clermont"), files this Motion to Dismiss[1] Third-Party Plaintiff Klaus, Inc.'s ("Klaus") Third-Party Complaint, and would respectfully show the Court the following:

**I.
STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

A Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to provide the "grounds of his entitlement to relief." FED. R. CIV. P. 12(b)(6) ("failure to state a claim upon which relief can be granted"); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). "[T]o survive a motion

---
[1] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Young v. Vanerson*, 612 F. Supp.2d 829, 846 (S. D. Tex. 2009).

To survive a motion to dismiss, Plaintiff's complaint must state a "plausible" claim for relief:

> Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not show[n]—that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 679 (internal citations and quotations omitted). Plaintiff's complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotations omitted). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745,761 (S.D. Tex. 2010) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(cleaned up).

Furthermore, a complaint may be subject to dismissal under Fed. R. Civ. P. 12 (b) (6) if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of

limitations and fail to raise some basis for tolling. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011).

## II.
## ARGUMENTS & AUTHORITIES

**A. Klaus' Third-Party Complaint fails to state a claim as to Third Party Defendant Clermont and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).**

Klaus' asserts a tortious interference claim against Clermont.[2] More specifically, Klaus contends that Clermont intentionally interfered with Klaus' Subcontract with Pilgrim, "by unfairly spreading a false narrative about Klaus being the reason for the delay, causing Pilgrim to breach the Subcontract Agreement." See, Third-Party Complaint, paragraph 31. As a result, Klaus seeks payment from Clermont for Pilgrims "non-payment for work performed under the Subcontract Agreement." *Id*. At paragraph 32. Notably, Klaus fails to identify any action taken by Clermont relevant to Klaus' claims. *See generally*, Third-Party Complaint.

The elements of a claim for tortious interference with an existing contract are:

1) An existing contract subject to interference;

2) A willful and intentional act of interference with the contract;

3) That proximately caused the plaintiff's injury; and

4) Caused actual damages or loss.

See, *Prudential Ins. Co. of Am. v. Fin. Review Servs, Inc.*, 29 S.W.3d 74, 77-78 (Tex. 2000) (citations omitted). Klaus' complaint fails to state a claim for relief as it fails to plead factual allegations to identify a willful or intentional act of interference taken by Clermont <u>and</u> fails to plead sufficient facts as to proximate cause.

---

[2] Klaus' tortious interference claim is the sole cause of action brought against Third-Party Defendant Clermont

Klaus' complaint fails to plead sufficient facts supporting proximate cause. To support its claim Klaus must show that the act of interference was the proximate cause of the damages allegedly suffered. *Tex. Campaign for the Env. v. Partners Dewatering Int'l, LLC*, 485 S.W.3d 184, 197 (Tex. App.- Corpus Christi- Edinburg, 2016, no pet.). Klaus fails to show that Clermont, as an entity, took an active part in persuading a party to contract to breach it and therefore has failed to establish proximate cause. *Amigo Broadcasting, LP v. Spanish Broadcasting System, Inc.*, 521 F.3d 472, 493 (5th Cir. 2008). Moreover, Klaus' complaint contains mere unadorned accusations and fails to provide the sufficient factual allegations required by law. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Klaus' Third-Party Complaint does not identify any specific false statements made by Clermont, or to whom the false statements were conveyed, let alone that any allegedly false statements were sufficiently incriminating to induce Pilgrim to breach the Subcontract Agreement at issue. *See generally*, Third-Party Complaint. Moreover, Klaus' Third-Party Complaint contains no allegations to show that Clermont intended to induce Pilgrim into breaching its contract. Further, Klaus' Third-Party Complaint contains no allegations to show Clermont was responsible for any form of communications related to the "Cushing Facility project" nor does the Third-Party Complaint contain any factual allegations to show that Clermont, as an entity, was involved in the subject project in any capacity, whatsoever. *See generally*, Third-Party Complaint.

Klaus' Third-Party Complaint contains only four factual references regarding Clermont, none of which identify any form of tortious action taken by Clermont. *See*, Third-Party Complaint, paragraphs 10, 13, 14 and 24. Klaus fails to identify any form of communication in which Clermont participated. Moreover, Klaus fails to identify any form of communication in which Clermont "built a false narrative" about Klaus. *See*, *Id.* at paragraph 13. In fact, <u>each and every communication or action that is specifically identified in Klaus' Compliant is in direct reference</u>

to actions taken by Mr. John Yuran, the Chief Inspector and contractor with Third-Party Defendant Cleveland Integrity. *See generally*, Third Party Complaint. Klaus goes so far as to allege that Mr. Yuran "followed instructions given to him by Frantz and Clermont," however, Klaus fails to provide any information and/or allegations regarding when/how these "instructions" were provided, what these instructions contained, how the alleged instructions related to Klaus, and moreover, how these alleged instructions were tortious in any way.

Klaus' complaint contains no factual support or substantive allegations regarding agency between Lane Frantz and Clermont. Klaus merely states "Lane Frantz ("Frantz") with Clermont Innovative was the Project Manager for the Cushing Project…" *See*, Third Party Complaint at paragraph 10. Klaus again fails to properly support its claims of tortious interference as to Clermont.[3] Klaus' Third Party Complaint offer no more than conclusory allegations and inferences to an alleged "false narrative." Klaus' mere unadorned accusations fail to provide the sufficient factual allegations required by law. *Ashcroft,* 556 U.S. at 662 (2009). Therefore, Klaus fails to state a claim against Clermont for tortious interference with an existing contract and the claim against Clermont should be dismissed.

**B. Klaus' Claims as to Clermont are barred by the Statute of Limitations.**

Klaus' claim is barred by the statute of limitations and may be subject to dismissal under Fed. R. Civ. P. 12 (b) (6) if its allegations affirmatively demonstrate that the Third-Party Plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). Klaus has not raised a basis for tolling the statute of limitations and therefore its claim is barred by the statute of limitations.

---

[3] Notably, Klaus chose not to name Lane Frantz as a Third Party Defendant in this matter. *See*, Third-Party Complaint.

The Klaus' claim for tortious interference with business relationship is barred by the applicable statute of limitations. Under Texas law, the statute of limitations for a cause of action for tortious interference with an existing contract is two years. Texas Civ. Prac. & Rem. Code § 16.003(a); *Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017)). Even assuming Klaus' factual allegations are true, its causes of action against the Third-Party Defendants would have accrued when Mr. John Yuran allegedly interfered with the Subcontract by sending a mass email casting doubt on Klaus' timely completion on March 8, 2022, which is more than two years prior to the filing of this suit.[4] *See Exxon Mobile Corp*, 520 S.W.3d at 591 (the limitations period begins to run when the defendant's interference with the contract first causes harm to the plaintiff, even if damages continue past that date).

### III.
### CONCLUSION & PRAYER

Third-Party Defendant Clermont Innovative Design, LLC respectfully requests that the Court grant its Motion to Dismiss and pray that Third-Party Plaintiff's claims be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6).

---

[4] Klaus's Third-Party Complaint was filed on April 26, 2024.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By: */s/ Jared L. Byrd*
    Jared L. Byrd
    State Bar No. 24078295
    jbyrd@grsm.com
    Telephone: (512) 582-6473

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Telephone: (512) 391-0197
Facsimile: (512) 391-0183

**ATTORNEYS FOR THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served on this the 1st day of July, 2024, pursuant to the Federal Rules of Civil Procedure, CM/EFC, to:

Ryan Scharnell
Scott Hathaway
CONNER & WINTERS, LLP
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
918-586-5711
918-586-8547- fax
Shathaway@cwlaw.com
rscharnell@cwlaw.com

Jason Lee Van Dyke
MAGNA & VAN DYKE PLLC
1417 E. McKinney St., Ste. 110
Denton, TX 76210
940-382-1976
jason@maganavandyke.com

/s/ *Jared L. Byrd*
Jared L. Byrd