## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MULHOLLAND ENERGY SERVICES, LLC** | § § § | |
| Plaintiff, | § § | |
| v. | § § | **CASE NO. SA-24-CA-00093-XR** |
| **KLAUS, INC.** | § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| **ENBRIDGE PIPELINES, INC.; CLEVELAND INTEGRITY SERVICES, LLC; and CLERMONT INNOVATIVE DESIGN, LLC,** | § § § § § | |
| Third-Party Defendants. | § | |

### THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC'S ANSWER TO DEFENDANT/THIRD-PARTY PLAINTIFF KLAUS, INC.'S THIRD-PARTY COMPLAINT

Third-Party Defendant Clermont Innovative Design, LLC ("Clermont"), files this Original Answer to Defendant and Third-Party Plaintiff Klaus, Inc.'s ("Klaus") Third-Party Complaint, and would respectfully show:

### RESPONSE TO THE PARTIES

1. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of the Third-Party Complaint.

2. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Clermont admits the allegations contained in Paragraph 4 of the Third-Party Complaint.

## RESPONSE TO THE JURISDICTION AND VENUE

5. The allegations in paragraph 5 contain legal recitations for which no response is required. However, to the extent that a response is necessary, Clermont admits Klaus has alleged facts in the Third-Party Complaint that would provide the Court subject matter jurisdiction over this matter and Clermont admits that venue is proper in this Court.

## RESPONSE TO THE FACTUAL BACKGROUND

6. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the Third-Party Complaint.

8. Clermont admits that Pilgrim Construction, LLC was the contractor on the "Cushing Facility project" as that term is used in The Third-Party Complaint. Clermont lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of the Third-Party Complaint.

9. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. Clermont admits that Lane Frantz worked as a Project Manager for the Cushing Facility Project. Clermont denies the remaining allegations contained in Paragraph 10.

11. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Third-Party Complaint.

12. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Third-Party Complaint.

13. Clermont denies the allegations contained in the first sentence of paragraph 13. Clermont lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Third-Party Complaint.

14. Clermont denies having any communications relevant to the allegations or causes of action alleged in the Third-Party Complaint and therefore denies the allegations contained in Paragraph 14.

15. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 15 of the Third-Party Complaint.

16. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of the Third-Party Complaint.

17. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Third-Party Complaint.

18. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the Third-Party Complaint.

19. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Third-Party Complaint.

20. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the Third-Party Complaint.

21. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Third-Party Complaint.

22. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Third-Party Complaint.

23. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Third-Party Complaint.

24. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Third-Party Complaint.

25. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Third-Party Complaint.

26. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the Third-Party Complaint.

27. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the Third-Party Complaint.

28. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Third-Party Complaint.

### RESPONSE TO THE COUNT I

29. Clermont incorporates its answers to Paragraphs 1-28 as though fully set forth herein.

30. Clermont denies the allegations contained in Paragraph 30.  Clermont denies that it had knowledge of the Subcontract Agreement, or that it reasonably should have known about the Subcontract Agreement.

31. Clermont denies the allegations contained in Paragraph 31. Clermont denies that it has intentionally acted in such a way so as to procure the breach of, to interfere with or to prevent the fruition of the Subcontract Agreement.

32. Clermont denies the allegations contained in Paragraph 32. Clermont denies undertaking any intentional conduct relevant to the allegations and causes of action contained in the Third-Party Complaint, including but not limited to any intentional conduct which proximately caused the damages sought by Third-Party Plaintiff Klaus, Inc.

## **RESPONSE TO THE COUNT II**

33. Clermont incorporates its answers to Paragraphs 1-28 as though fully set forth herein.

34. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of the Third-Party Complaint.

35. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Third-Party Complaint.

36. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 36 of the Third-Party Complaint.

37. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 37 of the Third-Party Complaint.

38. Clermont lacks sufficient information to admit or deny the allegations contained in Paragraph 38 of the Third-Party Complaint.

39. Any allegations contained in any unnumbered, prefatory, ancillary, or conclusory paragraphs, or that are not otherwise specifically responded to in this Answer are denied.

## RESPONSE TO REQUEST FOR RELIEF

40. Clermont denies that Third-Party Plaintiff is entitled to the judgment and relief it requested and denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

41. *Statute of Limitations.* The Third-Party Plaintiff's claim for tortious interference with business relationship is barred by the applicable statue of limitations. Under Texas law, the Statute of Limitations for a cause of action for Tortious Interference with a Business Relationship is two years. Texas Civ. Prac. & Rem. Code § 16.003(a); *Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017)). Even assuming Third-Party Plaintiff's factual allegations are true, Third-Party Plaintiff's cause of action against Clermont would have accrued when Yuran allegedly interfered with the Subcontract by sending a mass email casting doubt on Klaus' timely completion on March 8, 2022, which is more than two years prior to the filing of this suit. *See Exxon Mobile Corp*, 520 S.W.3d at 591 (the limitations period begins to run when the defendant's interference with the contract first causes harm to the plaintiff, even if damages continue past that date).

42. *Proximate Cause.* Klaus's claims are barred in whole or in part by its own actions being the cause of the nonpayment. Clermont's actions were not the cause of any damages to Klaus.

43. *Failure to Mitigate.* Klaus's claims are barred in whole or in part by its failure to mitigate damages. Specifically, Klaus continued its work on the Cushing Facility Project despite Pilgrim's notice of Klaus's breach and despite all communications ceasing in May 2022, which caused Klaus to incur additional non-payment for work performed under the Subcontract. Klaus

also failed to mitigate its damages by failing to make a claim for unpaid materials or services like Mulholland.

44. *No Punitive Damages/Attorney Fees.* Clermont further affirmatively pleads that Klaus is not entitled to recover punitive or enhanced damages, if any, and is likewise not entitled to recover its attorneys' fees. Under Texas law, a plaintiff must establish by clear and convincing evidence that the plaintiff's harm resulted from the defendant's fraud or malice to recover exemplary damages. (Tex. Civ. Prac. & Rem. Code Ann. § 41.003). Klaus has failed to plead such. Furthermore, attorneys' fees generally are not recoverable for tortious interference claims in Texas, except under limited circumstances – in which case the Third-party complaint does not meet. (*DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 430-31 (5th Cir. 2003).

45. *Offset.* To the extent Clermont is determined to be responsible to Klaus, Clermont is entitled to an offset, setoff, or credit in the amount that Klaus failed to complete the project under the Subcontract.

46. *Comparative Fault*. Klaus' claims are barred, in whole or in part, because its alleged damages were caused or contributed to by the negligent or willful acts of other parties and/or non-parties, including but not limited to Klaus' own actions. Klaus's recovery, if any, should be barred or in the alternative, reduced in proportion to the percentage of fault of those other parties.

47. *Justification/Truthful Information and Honest Advice.* Pleading in the alternative, to the extent Clermont is determined to be responsible to Klaus, Clermont pleads that it was legally justified in any actions deemed to have been committed related to Klaus' claims. Specifically, Clermont provided truthful information and/or honest advice related to Klaus's work on the subject project.

48. *Failure to State a Claim*. Klaus' Third-Party Complaint fails to state a claim upon which relief can be granted. Klaus' complain fails to plead sufficient facts supporting proximate cause. To support its claim Klaus must show that the act of interference was the proximate cause of the damages allegedly suffered. *Tex. Campaign for the Env. v. Partners Dewatering Int'l, LLC*, 485 S.W.3d 184, 197 (Tex. App.- Corpus Christi- Edinburg, 2016, no pet.). Klaus fails to show that Clermont, as an entity, took an active part in persuading a party to contract to breach it and therefore has failed to establish proximate cause. *Amigo Broadcasting, LP v. Spanish Broadcasting System, Inc.*, 521 F.3d 472, 493 (5th Cir. 2008). Moreover, Klaus' complaint contains mere unadorned accusations and fails to provide the sufficient factual allegations required by law. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Klaus' Third-Party Complaint does not identify any specific false statements made by Clermont, or to whom the false statements were conveyed, let alone that any allegedly false statements were sufficiently incriminating to induce Pilgrim to breach the Subcontract Agreement at issue. Moreover, Klaus' Third-Party Complaint contains no allegations to show that Clermont was responsible for any form of communications related to the "Cushing Facility project" nor does the Third-Party Complaint contain any allegations to show that Clermont was involved in the subject project in any capacity whatsoever.

49. *Estoppel*. Klaus's claims are barred in whole or in part by estoppel. Klaus had full knowledge of the alleged breach by Pilgrim but did not assert its rights arising from the breach of contract. Klaus now attempts to seek its alleged damages from entities that were not party to the Subcontract Agreement at issue.

## RESERVATIONS OF RIGHTS

50. Clermont reserves the right to amend or supplement this answer to raise additional affirmative defenses based upon the course of discovery and proceedings of this matter.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Clermont Innovative Design, LLC prays Defendant and Third-Party Plaintiff Klaus, Inc.'s Third-Party Complaint be dismissed with costs and that Third-Party Defendant be granted all further relief to which it may be justly entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By: */s/ Jared L. Byrd*
    Jared L. Byrd
    State Bar No. 24078295
    jbyrd@grsm.com
    Telephone: (512) 582-6473

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Telephone: (512) 391-0197
Facsimile: (512) 391-0183

**ATTORNEYS FOR THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the above and foregoing was served on this the 1st day of July, 2024, pursuant to the Federal Rules of Civil Procedure, CM/EFC, to:

Ryan Scharnell
Scott Hathaway
CONNER & WINTERS, LLP
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
918-586-5711
918-586-8547- fax
Shathaway@cwlaw.com
rscharnell@cwlaw.com

Jason Lee Van Dyke
MAGNA & VAN DYKE PLLC
1417 E. McKinney St., Ste. 110
Denton, TX 76210
940-382-1976
jason@maganavandyke.com

              /s/  *Jared L. Byrd*
              Jared L. Byrd