UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MULHOLLAND ENERGY SERVICES, LLC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. SA-24-CA-00093-XR |
| § | |
| KLAUS, INC. § | |
| § | |
| Defendant/Third-Party Plaintiff, § | |
| § | |
| v. § | |
| § | |
| ENBRIDGE PIPELINES, INC.; § | |
| CLEVELAND INTEGRITY SERVICES, § | |
| LLC; and CLERMONT INNOVATIVE § | |
| DESIGN, LLC, § | |
| § | |
| Third-Party Defendants. § | |

**DEFENDANT/THIRD-PARTY PLAINTIFF KLAUS, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND BRIEF IN SUPPORT**

Defendant and Third-Party Plaintiff Klaus, Inc., ("**Klaus**") files this objection and response to Third-Party Defendant Clermont Innovative Design, LLC's ("**Clermont**") *Motion to Dismiss Pursuant to Rule 12(B)(6)* (the "**Motion**"). In support thereof, Klaus shows the Court as follows:

<u>**ARGUMENT AND AUTHORITIES**</u>

In the Motion, Clermont contends that Klaus's Third-Party claim against Clermont must be dismissed with prejudice for a myriad of reasons, none of which are sound. More specifically, Clermont contends that the claim against it should be dismissed because (1) the claim against Clermont is barred by the statute of limitations; (2) the Third-Party Complaint fails to establish agency between Lane Frantz and Clermont; and (3) the Third-Party Complaint does not "identify

a willful or intentional act" and "fails to plead . . . proximate cause." From the Motion, it appears that Clermont seeks to have Klaus prove its case at the pleading stage, and to this end, seeks to impose a far greater pleading standard on Klaus than the federal rules permit. Certainly, this is improper. Klaus has sufficiently pled its claim against Clermont, and such a claim should be permitted to proceed.

## I. LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER 12(B)(6).

Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Fed. R. Civ. P. 8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a reviewing court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks and citation omitted). These courts must also draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted). For these reasons, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is "viewed

with disfavor and is rarely granted." *Harrington v. State Farm & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal quotation marks and citation omitted).

## II. DISMISSAL IS NOT WARRANTED OR PROPER.

### a. Klaus's Claim Against Clermont Did Not Accrue Until Klaus Knew or Should Have Known the Business Relationship with Pilgram Was Severed.

In the Motion, Clermont asserts that Klaus's claim against Clermont is "barred by the statute of limitations" and thus subject to dismissal. Mot., p. 5. This assertion is contrary to the applicable law and facts. It is well stated that the statute of limitations does not begin to run until a cause of action accrues. *Atkins v. Crosland*, 417 S.W.2d 150 (Tex. 1967). And, under the discovery rule, a cause of action does not accrue until the claimant knows, or should know, of his injury. *Murphy v. Campbell*, 964 S.W.2d 265, 271 (Tex. 1997); see also *Crosland, supra* (claim did not arise until the resulting damages were known as damage is "essential to consummate the wrong."). Oklahoma[1] has a similar rule, "the cause of action accrues when a litigant first could have maintained his action to a successful conclusion." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 2021 OK 27, ¶ 13. In order to successfully maintain a legal action, "the litigant must allege injury or damages that are certain and not speculative." *Id*.

To support its improper assertion, Clermont relies on *Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017). However, *Exxon* stands for the same proposition delineated above. In *Exxon*, the Texas Supreme Court held that a tortious interference claim "accrues at the time a contracting party <u>knows</u> the nature of the injury and the damages, <u>regardless</u> of whether the

---

[1] Both Klaus and Clermont are Oklahoma entities, and the actions complained of occurred in the State of Oklahoma. Under Texas' conflict of law analysis, applying the "most significant relationship test" this Court should look to "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Toyota Motor Co. v. Cook*, 581 S.W.3d 278, 283–84 (Tex. App. 2019) citing Restatement (Second) of Conflict of Laws § 145(2).

Response to Motion to Dismiss                           3

contract is terminated at that time." 520 S.W.3d 572, 591 (Tex. 2017) (emphasis added). Thus, although the initial interference occurred in March 2022, the relationship between Klaus and Pilgram was not severed at that time, and Klaus had no reason to believe its contract was at risk. Further, Klaus could not have brought a claim to successful conclusion in March 2022, as it had yet to realize any damage.

Additionally, the improper interference continued through April and May 2022. The damage from Clermont's interference was not known until the business relationship ended in early June 2022, when Pilgram refused to pay Klaus' invoices and Klaus pulled its crew from the project. [Dkt. No. 22, ¶ 25]. At that time, Klause could have successfully maintained an action to successful conclusion. The earliest Klaus could have sensed there was trouble on the horizon was in May 2022, when Pilgram's electricians appeared at the Project, and it no longer received team meeting invitations. [Dkt. No. 22, ¶¶ 23-24]. The Third-Party Petition was filed April 26, 2024, within two years of the time Klaus could have known the relationship with Pilgram was ending. The Motion to Dismiss must be denied.

> **b. Klaus Is Not Required to Establish Agency in The Pleading Stage, and Nevertheless, Klaus Has Pled Sufficient Facts to Establish Agency.**

Clermont claims that dismissal is warranted, in part, because Klaus's "complaint contains no factual support or substantive allegations regarding agency between Lane Frantz and Clermont." [Dkt. No. 21, p. 5]. This claim not only seeks to improperly increase Klaus's duty at the pleading stage, but it is also inaccurate. As stated above, a pleading is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading is not required to contain "detailed factual allegations," *Twombly*, 550 U.S. at 555.

Moreover, the Third-Party Complaint provides sufficient factual information to establish agency between Lane Frantz and Clermont. It is well established that under both Oklahoma and Texas law, an employer may be held responsible for the tort of an employee, under the doctrine of *respondeat superior*, if the tortious act was committed in the course of the employment and within the scope of the employee's authority. *See, e.g., Baker v. Saint Francis Hosp.*, 2005 OK 36, ¶ 10; *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 779 (Tex. 2021). And an "employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer." *Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, ¶ 12; *see also Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 97 (Tex. App. 2013) (noting the doctrine of *respondeat superior* is a "policy doctrine" and represents a "deliberate allocation of risk.").

In the Third-Party Complaint, Klaus states that Lane Frantz is "with Clermont Innovative" and was the "Project Manager for the Cushing Facility Project." [Dkt. No. 22, ¶ 10].[2] The Third-Party Complaint further states that Frantz, acting as the Project Manager, gave instructions to employees of Cleveland Integrity in relation to the Cushing Facility Project, "interfered with the Subcontract," and "spread[] a false narrative about Klaus being the reasons for the delay" on the Cushing Facility Project. [Dkt. No. 22, ¶¶ 14 and 31]. Lane Frantz, an employee of Clermont oversaw John Yuran, and all directions came from Lane Frantz, through John Yuran. This is more than sufficient to establish agency, particularly in the pleading stage.

Furthermore, Clermont's averment in the Motion related to Frantz not being a named defendant in this lawsuit is nothing more than a red herring. [Dkt. No. 31, fn. 3]. As Klaus is

---

[2] In its Answer to the Third-Party Complaint, Clermont admits that Lane Frantz worked as the Project Manager for the Cushing Facility Project. [Dkt. No. 32, ¶ 10].

Response to Motion to Dismiss                         5

claiming that Clermont is liable for interference with an existing contract through the doctrine of *respondeat superior*, there is no basis for Klaus to name Frantz as a defendant as his actions are imputed to Clermont. Klaus has asserted no claims against Frantz in his individual capacity.

### c. Klaus Has Sufficiently Pled a Willful Act of Clermont and Proximate Cause.

In the Motion, Clermont asserts that the Third-Party Complaint "fails to plead factual allegations to identify a willful or intentional act of interference taken by Clermont <u>and</u> fails to plead sufficient facts as to proximate cause." [Dkt. No. 31, p. 3 (emphasis in original)]. Clermont continued this assertion by listing out the elements of a claim for tortious interference with an existing contract, which are: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Certainly, Clermont's assertion ignores the explicit averments in the Third-Party Complaint.

In the Third-Party Complaint Klaus alleges:

> (1) "Klaus and Pilgrim executed a *Subcontract Agreement*" for the Cushing Facility Project [Dkt. No. 22, ¶ 9 (emphasis in original], and Frantz "with Clermont Innovative was the Project Manager for the Cushing Facility Project and worked closely with Yuran, the Chief Inspector" [Dkt. No. 22, ¶ 10];
>
> (2) Clermont (through Frantz) gave Yuran instructions "regarding Klaus" [Dkt. No. 22, ¶ 14];
>
> (3) Clermont (through Frantz) "intentionally interfered with Subcontract, by unfairly spreading false narrative" [Dkt. No. 22, ¶ 31]; and
>
> (4) as a "direct result of . . . Clermont Innovative's intentional conduct, Klaus suffered damages" [Dkt. No. 22, ¶ 32].

Thus, Klaus alleged more than sufficient facts to state a claim for intentional interference with an existing contract. To require Klaus to set out any additional factual averments would essentially

be to require Klaus to set out and prove its case at the pleading stage, which would be improper. *See, e.g., Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (a plaintiff "need not prove its case at the pleading stage.") (internal quotation marks omitted).

### III.   CONCLUSION

For the reasons stated here, the Defendant Clermont Innovative Design, LLC's Motion to Dismiss and Motion should be denied.

Respectfully submitted,

**CONNER & WINTERS, LLP**

*s/ Ryan T. Scharnell*

P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
            rscharnell@cwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was served on this 15th day of July 2024, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Jason Lee Van Dyke
MAGANA & VAN DYKE, PLLC
1417 E. McKinney St., #110
Denton, TX 76209

Jonathan Hyman
Aaron Kaufman
London England
GRAY REED
1601 Elm Street, Suite 4600
Dallas, TX 75201

Jared L. Byrd
GORDON REES SCULLY MANSUKHANI
2705 Bee Caves Road, Suite 220
Austin, Texas 78746

*s/Ryan T. Scharnell*
Ryan T. Scharnell