IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC, | § § § | |
| *Plaintiff* | § § | SA-24-CV-0093-XR |
| -vs- | § § | |
| KLAUS, INC., | § § | |
| *Defendant* | § § § | |

**ORDER**

Mulholland Energy Services, LLC sued Klaus Inc. for failure to pay a commercial debt. Between March 30, 2022, and June 8, 2022, the Plaintiff allegedly provided oilfield services in Pleasanton, Texas[1], and Klaus failed to pay the debt ($89,097.46.) despite demand being tendered for the same.[2] In its Answer, Klaus admits that the Plaintiff performed services and submitted invoices, but "contests the validity of numerous invoices."[3]

On April 26, 2024, Klaus filed a Third-Party Complaint against Enbridge Pipelines, Inc., Cleveland Integrity Services, LLC and Clermont Innovative Design, LLC.[4] In summary, Klaus alleges that on or after February 2022, it began electrical work on the Cushing Project in Oklahoma. Pilgrim Construction, LLC was the general contractor. Apparently, the project was delayed.

---

[1] It is very unclear whether Mulholland provided some services in Pleasanton, Texas or whether the services provided were related to the Cushing Project in Oklahoma described in further detail below.
[2] ECF 10.
[3] ECF 18.
[4] ECF 22.

1

Klaus alleges that "Cleveland Integrity, with the assistance of Clermont Innovative, was communicating with Pilgrim Construction, building a false narrative that Klaus was incompetent" and "the reason for the delay on the Cushing Facility Project, despite the delay being out of Klaus' control." "At the time it pulled its crew from the Cushing Facility Project, Klaus had completed approximately 90% of its work on the $875,000 contract yet was only paid a total of $477,246.66.[5]

Clermont Innovative now brings this motion to dismiss[6] the tortious interference with contract claim filed against it by Kraus (Clermont intentionally interfered with its Pilgrim subcontract, "by unfairly spreading a false narrative about Klaus being the reason for the delay, causing Pilgrim to breach the Subcontract Agreement."). In its motion to dismiss Clermont argues that "Klaus' complaint fails to state a claim for relief as it fails to plead factual allegations to identify a willful or intentional act of interference taken by Clermont and fails to plead sufficient facts as to proximate cause." "Klaus' Third-Party Complaint does not identify any specific false statements made by Clermont, or to whom the false statements were conveyed, let alone that any allegedly false statements were sufficiently incriminating to induce Pilgrim to breach the Subcontract Agreement at issue." Alternatively, Clermont argues that any tortious interference claim is barred by the two-year statute of limitations.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to

---

[5] In paragraph 27 of the Third-Party Complaint, Mulholland gets mentioned (apparently Mulholland has made a claim for unpaid materials or services on this Cushing Project). The underlying status of the breach of contract claim filed by Mulholland is uncertain. Klaus apparently concedes that some amount of work was properly performed but remains unpaid. The parties are ORDERED to provide the Court an update on this claim and whether it is proper for mediation at this time.
[6] ECF 31.

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. Feb. 3, 2014) (*citing Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)).

All factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. " '[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); see also *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

**Analysis**

In this 12(b)(6) posture the motion to dismiss based on limitations must be denied. Klaus contends that the limitations period began when it discovered the tortious interference (when their subcontract was terminated in May or June 2022). Clermont argues that the claim accrued, according to Klaus' arguments, when Yuran allegedly sent a mass email on March 8, 2022. This

3

issue is more appropriate for a motion for summary judgment and an evaluation of the summary judgment evidence to determine whether there is any genuine issue of material fact.

Otherwise, to establish a claim for tortious interference with a contract, a plaintiff must establish: "(1) the existence of a valid contract subject to interference; (2) that the defendant willfully and intentionally interfered with the contract; (3) that the interference proximately caused the plaintiff's injury; and (4) that the plaintiff incurred actual damage or loss." *Ancor Holdings, L.P. v. Landon Cap. Partners, LLC*, 114 F.4th 382, 398 (5th Cir. 2024) (citing *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017).

In the Third-Party Complaint, Klaus alleges that Lane Frantz "with Clermont Innovative was the Project Manager for the Cushing Facility Project and "worked closely" with John Yuran of Cleveland Integrity, who was the Chief Inspector for the Cushing Project. On some unspecified date Yuran emailed or texted Lee Windham, an employee of Pilgrim that Klaus was responsible for the project's delay. In May 2022, "[as] a result of Yuran's interference" Pilgrim emailed Klaus stating that Klaus was the reason for the project's delay and that a week or so after that email Pilgrim sent its own electricians to the project. "By the end of May 2022, all communications between Cleveland Integrity, Clermont Innovative, Klaus and Pilgrim ceased, and Klaus no longer received team meeting invitations. In early June 2022, Pilgrim refused to pay Klaus' invoices for work previously performed (and invoices previously submitted). When the payments to Klaus stopped, Klaus had no other option but to pull its crews from the Cushing Facility Project."

Klaus's conclusory allegations that Clermont's employee Frantz "worked closely" with Cleveland Integrity's employee Yuran and thus was an agent responsible for effectuating the tortious interference is a threadbare recital. There are no factual allegations adequately alleged

that Clermont "willfully and intentionally interfered" with Klaus' Pilgrim subcontract. The motion to dismiss on this point is GRANTED.

As for Clermont's last point – insufficient pleading of proximate causation – that is DENIED. Klaus argues that after a Yuran email was sent, Pilgrim then sent its own electricians to the project, and then they were no longer invited to meetings and not paid. Although minimal, that suffices as sufficient facts to plead that the "interference proximately caused" its injury for Rule 12(b)(6) purposes.

## CONCLUSION

Clermont's motion to Dismiss (ECF No. 31) is GRANTED in part and DENIED in part. Klaus is granted leave to file an amended third-party complaint within fourteen days if it can cure the deficiency outlined above.

As to the underlying breach of contract claim filed by Mulholland against Klaus, the parties are ORDERED to provide the Court an update on this claim within fourteen days and whether it is proper for submission to mediation.

It is so **ORDERED**.

**SIGNED** this 28th day of October, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE