## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MULHOLLAND ENERGY SERVICES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| | § | |
| **KLAUS, INC.** | § | |
| | § | |
| **Defendant/Third-Party Plaintiff,** | § | **CASE NO. SA-24-CA-00093-XR** |
| | § | |
| **v.** | § | |
| | § | |
| **ENBRIDGE STORAGE (CUSHING) L.L.C.;** | § | |
| **and CLERMONT INNOVATIVE DESIGN,** | § | |
| **LLC,** | § | |
| | § | |
| **Third-Party Defendants.** | § | |
| | § | |

## ENBRIDGE'S MOTION TO STRIKE FOR IMPROPER IMPLEADER
## AND MOTION TO DISMISS FOR IMPROPER VENUE

Third-Party Defendant Enbridge Storage (Cushing) L.L.C. ("Enbridge") brings this Motion to Strike for Improper Impleader pursuant to Federal Rule of Civil Procedure 14(a)(4) and Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Enbridge requests that the Court sever Klaus' third-party claims and transfer the severed claims to the United States District Court for the Western District of Oklahoma, Enid and Ponca City Division ("WDOK"), pursuant to 28 U.S.C. § 1406(a). Enbridge files this Motion expressly reserving its rights to file responsive pleadings if its request for dismissal, to strike, or for transfer of venue is denied. In support, Enbridge would show the Court as follows:

1

# I.

## Overview of the Issues

1) Klaus' Complaint should be dismissed pursuant to Rule 14(a)(4), because Klaus has failed to state a claim that arises out of the same transaction or occurrence involving Mulholland Energy Services, LLC's claims against Klaus in the underlying Second Amended Complaint. Therefore, Enbridge moves the Court to strike Klaus' Third-Party Complaint against Enbridge pursuant to Federal Rule of Civil Procedure 14(a)(4) and asks the Court to dismiss the claims due to improper impleader.

2) Third-Party Plaintiff, Klaus, Inc.'s First Amended Third-Party Complaint Against Enbridge Storage (Cushing) L.L.C. ("Klaus' Complaint") should also be dismissed pursuant to Rule 12(b)(3), because the Western District of Texas is an improper venue. FED. R. CIV. P. 12(b)(3).

3) In the alternative, Enbridge requests that the Court sever Klaus' third-party claims against Enbridge and transfer the severed claims to the United States District Court for the Western District of Oklahoma, Enid and Ponca City Division ("WDOK"), pursuant to 28 U.S.C. § 1406(a).

Enbridge relies upon the pleadings on file and the Declaration of Kelly Gray, attached as Exhibit A.

# II.

## Klaus' third-party claims against Enbridge were impermissibly pursued under Rule 14, and thus, should be severed and stricken.

Enbridge moves to strike Klaus' Third-Party Complaint for not being a proper impleader under Rule 14 of the Federal Rules of Civil Procedure. *Southeast Mortg. Co. v. Mullins,* 514 F.2d 747, 749 (5th Cir. 1975). Under Rule 14, "[t]he plaintiff may assert against the third-party defendant *any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff"*. FED. R. CIV. P., RULE 14(a)(3) (emphasis added). In other words, a third-party claim can be maintained only if the liability asserted by the third-party plaintiff against the third-party

defendant is in some way derivative of the main claim. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). "[A]n entirely separate and independent claim cannot be maintained against a third-party under Rule 14." *Id.* In accordance with the foregoing, impleader is not permitted in this instance because Enbridge's potential liability to Klaus, if any, is separate and independent of Klaus' potential liability to Mulholland. *Id.* Further, Klaus' third-party claims against Enbridge are not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Klaus' Complaint asserts claims of tortious interference with a business relationship against Clermont and Quantum Meruit/Unjust Enrichment claims against Enbridge related to a subcontract agreement and electrical and instrumental work performed at Enbridge's Cushing Facility located at 2101 S. Linwood Avenue, **Cushing, Oklahoma**. (D.E. 36, pg. 2, ¶ 3.). In contrast, Mulholland's (Plaintiff's) Second Amended Complaint avers that venue is proper in the San Antonio Division of the Western District of Texas pursuant to 28 U.S.C. § 1391(b), "because a substantial portion of the events or omissions giving rise to Plaintiff's claims" relate to hydrovac services Mulholland provided under contract with Klaus in connection with an oilfield drilling site located in **Pleasanton, Texas**. (D.E. 10, pg. 1-2, ¶ 3.). Clearly, Mulholland's claims against Klaus relate to a completely different contract, a completely different property, and are completely unrelated to Enbridge. *Compare* (D.E. 10) *with* (D.E. 36). The main claim, that is, Mulholland's claim against Klaus, pertains to oilfield operations conducted between March 30, 2022, and June 8, 2022,

at or around Pleasanton, Texas. (D.E. 10). Whereas the third-party claims by Klaus against Enbridge involve construction at Enbridge's Facility in Cushing, Oklahoma.

As plead, Klaus' claims against Enbridge allegedly arise from a separate contract between Klaus and Pilgrim Construction, LLC that has absolutely no relationship to the dispute between Mulholland and Klaus. For whatever reason, when seeking leave to file the third-party complaint, Klaus mischaracterized the allegations contained in Plaintiff's Second Amended Complaint. (D.E.20, pg. 1, ¶ 1.) (incorrectly reciting that Plaintiff's Second Amended Complaint against Klaus alleges claims related to Mulholland's "hydraulic evacuation services to Klaus" pertaining to "Klaus' work at Enbridge Pipeline, Inc.'s property in Cushing, Oklahoma"). But Plaintiff's Second Amended Complaint makes no such reference to Klaus' work at Enbridge's property in Cushing, Oklahoma. (D.E. 10). Instead, Mulholland contends that Klaus did not pay for services rendered in relation to the oilfield site in Pleasanton, Texas. *Id.*

## III.

### Further, Klaus' Third-Party Complaint against Enbridge must also be dismissed pursuant to Rule 12(b)(3) because it was brought to an improper venue.

A court is authorized, upon due showing, to dismiss an action when venue in that court is improper. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a); *Norsworthy v. Mystik Transport, Inc.,* 430 F. Supp. 2d 631 (E.D. Tex. 2006). In this regard, Third-Party Plaintiff Klaus bears the burden of sustaining venue, when challenged. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.,* 982 F.Supp.2d 714, 719 (W.D. Tex. 2013); *Gault v. Yamunaji, L.L.C.,* 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009); *C.f., Wilson v. Belin,* 20 F.3d 644, 648

(5th Cir. 1994). When analyzing allegations of improper venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 Fed. Appx. 612, 615 (5th Cir. 2007) (citations omitted). Although, the Court may still look at evidence in the record "beyond simply those facts alleged in the complaint and its proper attachments" and evidence submitted in connection with the Rule 12(b)(3) challenge. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009).

Since venue is a procedural issue, the analysis is controlled by federal law. *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for Western District of Texas,* 571 U.S. 49, 57-58, 134 S.Ct. 568, 577-78, 187 L.Ed.2d 487 (2013). And, in a civil action, 28 U.S.C. § 1391 sets forth proper venue standards. *Id.* "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

### A. Venue for Klaus' third-party claims against Enbridge is not proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) (First Venue Category).

When all defendants reside in the same state, venue is proper in a district where any defendant resides. 28 U.S.C. § 1391(b)(1). Here, not all third-party defendants reside in Texas, and not all third-party defendants reside in the Western District of Texas. (D.E. 36, pg. 2-3, ¶¶ 3.-4.). Rather, based upon the pleadings and information and belief, Clermont resides in the Northern District of Oklahoma, but not in Texas and not in the Western District of Texas. (D.E. 36, pg. 2, ¶ 3.). Enbridge resides in the Western District of

Oklahoma where the Cushing Facility is located, and in the Southern District of Texas where it maintains a principal office and conducts contractual negotiations in Texas. Exhibit A—Declaration of Kelly Gray. However, Enbridge does not reside in the Western District of Texas for venue purposes with respect to the civil action in question. *Id.,* 28 U.S.C § 1391(c)(2)[1]. Indeed, Klaus' Complaint confirms that to be true, so does Enbridge. (D.E. 36, pg. 2, ¶ 3.)*; see also* Exhibit A—Declaration of Kelly Gray). Thus, venue is not proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) concerning Klaus' claims against Enbridge.

### B. Likewise, venue for Klaus' third-party claims against Enbridge is not proper in the Western District of Texas under 28 U.S.C. § 1391(b)(2) (Second Venue Category).

Klaus asserts that the "Court has jurisdiction over the subject matter of [its] amended third-party complaint, the parties hereto, and venue is proper." (D.E. 36, pg. 2, ¶ 4.). But Klaus' Complaint draws no connection to Texas at all regarding the claims alleged against Enbridge. *Id.* Further, Klaus' Complaint is completely devoid of any discussion concerning why or how venue is proper in the Western District of Texas with respect to Klaus' claims against Enbridge. *Id.*  In fact, Klaus' Complaint asserts claims of tortious interference with a business relationship against Clermont and Quantum Meruit/Unjust Enrichment claims against Enbridge related to a subcontract agreement and electrical and instrumental work **performed at Enbridge's Cushing Facility located at 2101 S. Linwood Avenue, Cushing, Oklahoma.** (D.E. 36, pg. 2, ¶ 3.). Without question, Klaus' Complaint only

---

[1] For venue purposes, an "entity with the capacity to sue and be sued in its common name under applicable law" is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…". 28 U.S.C. § 1391(c)(2).

makes claims related to contractual obligations allegedly performed or not performed, and property situated in Oklahoma. (D.E. 36). Therefore, venue over Klaus' claims against Enbridge is not proper in the Western District of Texas under 28 U.S.C. § 1391(b)(2).[2]

### C. Venue for Klaus' third-party claims against Enbridge is not proper in the Western District of Texas under 28 U.S.C. § 1391(b)(3) either (Third Venue Category).

Since Klaus' pled allegations would support venue for its claims against Enbridge in the Western District of Oklahoma where Enbridge's Cushing Facility is located, the third venue provision under 28 U.S.C. § 1391(b)(3)[3] is inapplicable.

### D. Dismissal of Klaus' Third-Party Complaint against Enbridge is proper because the Western District of Texas is an improper venue.

In sum, venue for Klaus' claims against Enbridge is not proper in the Western District of Texas. FED. R. CIV. P. 12(b)(3); *see also Atlantic Marine Constr. Co.* 571 U.S. at 55 n.2 (2013) (venue improper when the case does not fall into one of the three provisions of 28 U.S.C. § 1391(b) or under a specific venue provision). Consequently, this Court should dismiss Klaus' claims against Enbridge or, in the interest of justice, should transfer Klaus' claims against Enbridge to the WDOK where the claims could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also*

---

[2] "A civil action may be brought in…a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…". 28 U.S.C. § 1391(b)(2).

[3] A civil action may be brought in…if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action…". 28 U.S.C. § 1391(b)(3).

67165:48292969

*Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916, 919 (5th Cir. 1987) (dismissing case for lack of personal jurisdiction and improper venue rather than transferring).

## IV.

### Conclusion

To close, the right or duty alleged to have been breached by Enbridge in Klaus' Third-Party Complaint clearly "does not emanate from the main claim but exists wholly independent of it". *Mullins,* 514 F.2d at 750. Consequently, since Klaus' alleged claims against Enbridge do not arise out of the transaction or occurrence that is the subject matter of Mulholland's alleged claims against Klaus, the claims in Klaus' third-party complaint asserted against Enbridge should be severed, struck, and dismissed. *Id.;* FED. R. CIV. P. 14(a)(4). Further, since venue over Klaus' claims against Enbridge is not proper in the Western District of Texas, Klaus' claims against Enbridge should be dismissed for that reason as well. *See supra.;* FED. R. CIV. P. 12(b)(3).

WHEREFORE, PREMISES CONSIDERED, Enbridge Storage (Cushing) L.L.C. moves, for the reasons discussed above, this Court to sever, strike and dismiss from this case, without prejudice, all claims by Klaus against Enbridge. In the alternative, the claims by Klaus against Enbridge should be transferred in the interests of justice to the WDOK, a proper venue for those claims. Enbridge further prays that all costs of court be taxed against Klaus, and that Enbridge have such other and further relief to which it may show itself to be justly entitled at law and in equity.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

67165:48292969

/s/ Ronald W. Dennis
Ronald W. Dennis
State Bar No. 24056356
Federal ID No. 33889
Taylor Levine
State Bar No. 24119493
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
Tel: (361) 884-8808
Fax: (361) 884-7261
Email: ronald.dennis@roystonlaw.com
Email: taylor.levine@roystonlaw.com
**ATTORNEYS FOR THIRD-PARTY DEFENDANT**
**ENBRIDGE STORAGE (CUSHING) L.L.C.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by the method indicated below to all counsel of record on the 8th day of November 2024.

/s/ Ronald W. Dennis
**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

67165:48292969