UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO. SA-24-CA-00093-XR |
| KLAUS, INC. | § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § § | |
| ENBRIDGE STORAGE (CUSHING), LLC, and CLERMONT INNOVATIVE DESIGN, LLC, | § § § § | |
| Third-Party Defendants. | § | |

**DEFENDANT/THIRD-PARTY PLAINTIFF KLAUS, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT ENBRIDGE STORAGE (CUSHING), LLC'S MOTION TO STRIKE FOR IMPROPER IMPLEADER AND MOTION TO DISMISS FOR IMPROPER VENUE AND BRIEF IN SUPPORT**

Defendant and Third-Party Plaintiff Klaus, Inc., ("**Klaus**") files this objection and response to Third-Party Defendant Enbridge Storage (Cushing), LLC's ("**Enbridge**") *Motion to Strike for Improper Impleader and Motion to Dismiss for Improper Venue* (the "**Motion**"). All work performed by Plaintiff Mulholland Energy Services, Inc. ("**Mulholland**") for Klaus was performed in Cushing, Oklahoma, so the claims against Enbridge are tied to the same transaction or occurrence. In support thereof, Klaus shows the Court as follows:

**Overview of Issues**

1) Klaus' Third-Party Complaint should not be dismissed pursuant to Fed. R. Civ. P. 14(a)(4) as all of allegations under the Third-Party Complaint arise out of the same transaction and occurrence alleged by Mulholland in its Complaint.

2) Alternatively, Klaus does not oppose transferring the entire case, not just its claims against Mulholland to Northern District of Oklahoma which has jurisdiction over the claims arising not only the in Klaus' Third-Party Complaint, but Mulholland's Second Amended Complaint, and since both all Defendants are in Oklahoma, Venue would proper in the Northern District of Oklahoma where Third-Party Defendant Clermont Innovative Design resides.

**ARGUMENT AND AUTHORITIES**

This lawsuit pertains to **only** work performed in Cushing, Oklahoma on the property owned by Enbridge. Pilgram Construction, LLC (the subcontractor) and Enbridge (property owner) forced Klaus to use Mulholland on the Cushing Facility Project. (Declaration of Kelly Klaus executed November 19, 2024 at ¶ 4 attached as Exhibit 1). Klaus has never used and/or retained Mulholland's services, either before or after the Cushing Facility Project, and only did so at Cushing Facility Project at the bequest of its superiors. (Id. at ¶¶ 4-10).

I. **KLAUS' QUANTUM MERUIT/UNJUST ENRICHMENT CLAIM AGAINST ENBRIDGE ARISES OUT OF THE SAME TRANSACTION OR OCCURANCE AS THE UNDERLYING CLAIM, DESPITE PLAINTIFF'S ALLEGATIONS REGARDING LOCATION.**

Under Federal Rules of Civil Procedure 14(a), Klaus is permitted to interplead Enbridge as Enbridge may be liable to Klaus for all or a part of the claim brought by Plaintiff. Rule 14 allows a party to assert claims against a third party for "any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." It is not required that the third-party claim "be based on the same theory or on the same contract as the claim involved in the complaint of the original plaintiff, as long as both claims arise out of the same transaction or if the third party's liability is in some way dependent on the outcome of the main claim." *Crude Crew v. McGinnis & Assocs., Inc.*, 572 F. Supp. 103, 109 (E.D. Wis. 1983) citations omitted. Thus, one must examine Mulholland's claim to determine whether Klaus' claim against Enbridge arises out of the same transaction – which it does.

In response to Plaintiff's *Second Amended Petition* (Dkt. No. 10) Klaus admitted "Plaintiff performed services related to oilfield operations in or around Cushing, Oklahoma"[1] but denied those services, or any services, were performed in Pleasanton, Texas[2]. This Court recognized the issue in its October 28, 2024 Order when it stated "[i]t is very unclear whether Mulholland provided some services in Pleasanton, Texas or whether the services provided were related to the Cushing Project in Oklahoma …" [Dkt. No. 39 at fn. 1]. This response shall make it clear that no work was performed in Texas.

A review of Mulholland's invoices and field tickets supports Klaus' statements that no work was performed in Texas. Mulholland's invoices generically describe the 'Location' were the work was purportedly performed as Pleasanton, Texas. (As an example, s*ee* Mulholland Invoice No. 20220405041 dated April 2, 2022, bates numbered Mulholland 2, attached as Exhibit 2). However, under the "Rig/Location" it clearly notes "CUSHING TERMINAL." (Id.). Further, the Mulholland field tickets supporting the April 2, 2022 Invoice contain the same contradictions:

| | |
|---|---|
| Region | South Texas |
| Lease/Well # | CUSHING TERMINAL |
| Location | Pleasanton, Texas |

(See Mulholland Ticket Nos. 17351, 17287, 17286, 17285 bates number Mulholland 3-6 attached as Exhibit 3). Both the invoices and field tickets demonstrate the work was performed at the Cushing Terminal – which Klaus states is at the Enbridge's Cushing Facility in Cushing, Oklahoma. The purported work performed by Mulholland at the Cushing Terminal constitutes a portion of the unjust enrichment received by Enbridge as stated in Klaus' Third-Party Complaint.

---

[1] Klaus' Answer to Plaintiff's Second Amended Complaint, Dkt. No. 18 at ¶ 8.
[2] See Plaintiff's Second Amended Complaint, Dkt. No. 10 at ¶ 7 and Klaus' Answer, Dkt. No. 18 at ¶ 7.

Klaus' claim against Enbridge (and Clermont Innovative Design, LLC ("**Clermont**")) relates to Klaus' work at the Cushing Facility Project in Cushing, Oklahoma. [see Dkt. No. 36, specifically, but not limited to ¶¶ 6-12]. As seen above, Mulholland's claim against Klaus relates to its services at the Cushing Terminal, part of the Cushing Field Project, the same transaction or occurrence complained of by Klaus. Klaus' claims against Enbridge (and Clermont Innoviative Design, LLC) are proper under Rule 14 as they are the same transaction or occurrence alleged by the Plaintiff.

## II. DISMISSAL IS NOT WARRANTED, AND THIS COURT SHOULD TRANSFER THE ENTIRE CASE TO THE NORTHERN DISTRICT OF OKLAHOMA

Upon further investigation of Plaintiff's claim (through its invoices and field tickets produced through discovery), it is clear no work was performed by Mulholland for Klaus in the Western District of Texas, or Texas at all despite Plaintiff's allegations regarding same[3]. The only work Mulholland performed for Klaus occurred in Cushing, Oklahoma at the Enbridge Facility. Klaus' third-party claims against Clermont and Enbridge relate, in part, to the work Mulholland performed in Cushing, Oklahoma. Therefore, pursuant to 28 U.S.C. § 1406(a), this Court should transfer the entire case to the Northern District of Oklahoma as venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

Section 1406 allows courts to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits", including venue issues. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). The Supreme Court of the United States has found

---

[3] See Dkt. No. 10 at ¶ 3 ("Venue is proper in the San Antonio division of this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in Pleasanton, Texas". It should be noted Plaintiff initially filed this matter in the District Court of Atascosa County, Texas alleging Klaus' "principal office is located in Harris County, Texas" despite Plaintiff knowing Klaus was an Oklahoma corporation See Plaintiff's First Amended Petition at ¶¶ 2.2 and 2.4 in Case No. 23-09-0608-CVA attached hereto as Exhibit 4.

Section 1406(a) is broad enough to allow the transfer of cases, where venue is improper whether the district court has jurisdiction over the defendants or not. *Id.* at 466. The interest of justice standard under Section 1406:

> … may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into [Section 1406] which do not exist in the language Congress used to achieve the procedural reform it desired.

*Id.* at 467.

Klaus concedes, and Clermont confirms, it is a resident of the Northern District of Oklahoma [See Dkt. Nos. 22 and 32 at ¶4]. Enbridge admitted it is a resident of the Western District of Oklahoma and the Southern District of Texas. [Dkt. No. 31 at p. 5-6]. Since both Defendants are deemed to reside in the State of Oklahoma, venue for Klaus' claims is proper in either the Northern District of Oklahoma or the Western District of Oklahoma where either Defendant resides. 28 U.S.C. § 1391(b)(1).

The same can be said for Mulholland's claims against Klaus. Venue for those claims would be proper in either the Northern District of Oklahoma (28 U.S.C. § 1391(b)(1), (c), and (d)) or the Western District of Oklahoma (28 U.S.C. § 1391(b)(2)). Because all of Mulholland's claims and Klaus' third-party claims are proper in the Northern District of Oklahoma, Klaus respectfully requests this Court transfer the entire case to the Northern District of Oklahoma.

## IV. CONCLUSION

For the reasons stated here, the Third-Party Defendant Enbridge Storage (Cushing), LLC's Motion to Strike for Improper Impleader and Motion to Dismiss for Improper Venue must be denied, but, alternatively, the entire case should be transferred to the Northern District of Oklahoma pursuant to 18 U.S.C. 1406, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**CONNER & WINTERS, LLP**

*s/ Ryan T. Scharnell*

P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
          rscharnell@cwlaw.com

Response to Motion to Dismiss                6

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing was served on this 19th day of November 2024, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Jason Lee Van Dyke
MAGANA & VAN DYKE, PLLC
1417 E. McKinney St., #110
Denton, TX 76209

Ronald W. Dennis
Taylor Levine
Royston, Rayzor, Vickery & Williams, LLP
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401

Jared L. Byrd
GORDON REES SCULLY MANSUKHANI
2705 Bee Caves Road, Suite 220
Austin, Texas 78746

                                                                   *s/Ryan T. Scharnell*
                                                                    Ryan T. Scharnell