**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MULHOLLAND ENERGY SERVICES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| | § | |
| **KLAUS, INC.** | § | |
| | § | |
| **Defendant/Third-Party Plaintiff,** | § | **CASE NO. 5:24-CV-00093-XR** |
| | § | |
| **v.** | § | |
| | § | |
| **ENBRIDGE STORAGE (CUSHING) L.L.C.;** | § | |
| **and CLERMONT INNOVATIVE DESIGN,** | § | |
| **LLC,** | § | |
| | § | |
| **Third-Party Defendants.** | § | |
| | § | |

**ENBRIDGE'S REPLY IN SUPPORT OF MOTION TO STRIKE FOR IMPROPER**
**IMPLEADER AND MOTION TO DISMISS FOR IMPROPER VENUE**

I.    **Klaus' third-party claims should be stricken or dismissed pursuant to Federal Rule of Civil Procedure 14(a) because they are not derivative of Mulholland's original claim.**

Federal Rule of Civil Procedure 14(a) allows for a defendant, as third-party plaintiff, to implead an entity not a party to the case "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."[1] The Fifth Circuit has advised that "impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."[2] Additionally, the United States Supreme Court has advised that the relationship between the main claim and the third-party complaint must be more substantial than

---

[1] FED. R. CIV. P. 14(a).
[2] *U.S. v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751–52 (5th Cir. 1967).

67165:48387376

simple factual similarity: the third-party complaint must "depend [ ] at least in part upon the resolution of the primary lawsuit" such that there is a "logical dependence" between the two.[3]

Here, no such "logical dependence" exists to justify allowing Defendant Klaus, Inc.'s Third-Party Complaint. The main claim in this case is Plaintiff Mulholland Energy Services, LLC's breach of contract claim that Defendant Klaus, Inc., a subcontractor on the Cushing Facility Project, failed to pay Mulholland for goods and services rendered to Klaus in connection with the Cushing Facility Project.[4] In contrast, Klaus' third-party complaint alleges that Enbridge Storage (Cushing) L.L.C. ("Enbridge"), the property owner of the Cushing Terminal, was unjustly enriched by Klaus' services on the Cushing Facility Project.[5] Essentially, Klaus argues that the two claims are sufficiently related because its failure to pay Mulholland was caused by Enbridge's failure to pay amounts owed under quantum meruit. *But see Autoronic Systems, Inc. v. HRSG, Inc.,* 2008 WL 8053985 (S.D. Tex. Mar. 4, 2008) (holding the fact that defendant's failure to pay plaintiff was caused by the third-party defendant's failure to pay defendant did not create logical dependence).

The defect in Klaus' position, however, is that its obligations under the contract with Mulholland do not depend on Enbridge's performance under quantum meruit. The claims of Klaus against Enbridge could have been (and can be) independently pursued by Klaus to a final legal determination, regardless of whether Plaintiff Mulholland sued Klaus. Enbridge's potential liability does not rise or fall upon the outcome of Plaintiff's claims against Klaus, and Klaus has failed to demonstrate the dependent or derivative relationship of Enbridge's liability required under Rule 14(a). Klaus merely alleges, in conclusory terms, without any factual support or

---

[3] *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 376 (1978); *see also Tecma Transportation Servs., LLC v. 200 S. Pemberton, LLC,* 2023 WL 4196956, at *4 (D.N.M. June 27, 2023) (explaining "[t]he secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.").
[4] D.E. 45-4.
[5] D.E. 36 at ¶¶ 32–37.

showing of logical dependence, that it could not pay Mulholland because Enbridge allegedly did not pay all the monies Klaus claims it was owed.[6] Because Klaus concedes it was under contract with Pilgrim—not Enbridge—the requisite logical dependence does not exist.[7]  There is no demonstration that Klaus's breach of contract with Mulholland was predicated on an unjust enrichment claim against Enbridge. Klaus's complaint does not allege that Enbridge had a duty to pay Klaus where Klaus's payment to Mulholland was contingent upon Enbridge's payment to Klaus. Thus, the claims against Enbridge cannot be consider dependent on Mulholland's claims against Klaus. Klaus's obligation to pay Mulholland is independent of any claims Klaus alleged against Enbridge. "[T]he third party must necessarily be liable over the defendant for all or part of the plaintiff's recovery."[8]

Simply stated, Enbridge's liability to Klaus, if any, does not depend on Klaus's liability to Mulholland. Nor has the Court any reason to believe that the Third-Party Defendants could be secondarily liable in the event Klaus were found liable to Mulholland for the nonpayment of the contract for goods and services executed between Klaus and Mulholland, and to which the Third-Party Defendants were not parties. Moreover, the fact that the claims arise out of a common factual setting surrounding the Cushing Facility Project is not enough to justify the third-party complaint. Indeed, "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim."[9] In short, the main claim is entirely independent of the third-party claims, and the Third-Party

---

[6] D.E. 42 at 7; *see also* D.E. 43 at ¶ 2.
[7] D.E. 42 at ¶ 8.
[8] *Joe Grasso & Son, Inc.,* 380 F.2d at 751.
[9] *Id.* at 751-752.

Defendants' liability, if any be shown, is in no way "dependent upon the outcome of the main claim."[10] The third-party complaint is therefore improper and should be dismissed.

## II.     Klaus' diversity allegations are patently defective, and the Court's diversity jurisdiction is therefore not apparent.

It is well-established that "the citizenship of an LLC is determined by the citizenship of its members."[11] Accordingly, "the party invoking the federal court's jurisdiction must allege the citizenship of each LLC's members."[12]

Klaus, Inc. is alleged to be a citizen of Oklahoma.[13] Likewise, Enbridge Storage (Cushing) L.L.C. and Clermont Innovative Design, LLC are Oklahoma citizens.[14] Although Mulholland Energy Services, LLC is a limited liability company, Klaus' notice of removal improperly relies on Mulholland's place of incorporation and principal place of business to assert diversity jurisdiction.[15] It fails to include the required allegations regarding the citizenship of Mulholland's members. Since it is not clear whether the original parties are completely diverse, the Court should not have allowed removal, and, by extension, should not have allowed impleader without conducting a thorough jurisdiction inquiry.

Rule 12(h)(3) of the Federal Rules of Civil Procedure mandates "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[16] As such, if this Court determines that subject matter jurisdiction is lacking, a dismissal order must be entered.[17]

---

[10] *Id.*
[11] *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024).
[12] *Id.*
[13] D.E.1, at pg. 3, Section I.
[14] D.E. 22; D.E. 32 at ¶ 4; D.E. 45 at pg. 5.
[15] D.E. 1, at pg.3, Section I and pg. 4, Section II.
[16] FED. R. CIV. P. 12(h)(3).
[17] *Id.*

4

III.    **Conclusion**

For the reasons stated herein, Enbridge's Motion to Strike for Improper Impleader and Motion to Dismiss for Improper Venue should be granted. In the alternative, Enbridge respectfully requests (1) that the Court undertake a jurisdictional analysis in the first instance because the diversity allegations contained in Klaus' notice of removal are insufficient to establish diversity jurisdiction, and (2) if the Court needs additional briefing on the issues, allow at least thirty days for Enbridge to provide additional briefing to address Klaus' changed factual allegations regarding the situs of the alleged project and the jurisdictional analysis those claims are based on.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

*/s/ Ronald W. Dennis*
Ronald W. Dennis
State Bar No. 24056356
Federal ID No. 33889
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
Tel: (361) 884-8808
Fax: (361) 884-7261
Email: ronald.dennis@roystonlaw.com
**ATTORNEYS FOR THIRD-PARTY DEFENDANT**
**ENBRIDGE STORAGE (CUSHING) L.L.C.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served by the method indicated below to all counsel of record on the 26th day of November 2024.

*/s/ Ronald W. Dennis*
**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

5

67165:48387376