UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MULHOLLAND ENERGY SERVICES, LLC § § § *Plaintiff,* § § v. § § KLAUS, INC. § § *Defendant / Third-Party Plaintiff,* § § v. § § ENBRIDGE PIPELINES, INC.; § CLEVELAND INTEGRITY SERVICES, § LLC; and CLERMONT INNOVATIVE § DESIGN, LLC, § § *Third-Party Defendants.* § | CASE NO. SA-24-CV-00093-XR |

**THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC'S MOTION IN SUPPORT OF ENBRIDGE'S MOTION TO DISMISS FOR IMPROPER IMPLEADER AND FOR IMPROPER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Third-Party Defendant Clermont Innovative Design, LLC ("Clermont"), files this Motion in Support of Third-Party Defendant Enbridge's Response in Support of its Motion to Dismiss Third-Party Plaintiff Klaus, Inc.'s ("Klaus") Third-Party Complaint, and would respectfully show the Court the following:

**I.   Summary of Arguments**

- The Arguments brought by Enbridge are equally applicable to this Third-Party Defendant as Klaus' claims against Clermont are not derivative of Mulholland's original claims.

- Enbridge's Arguments regarding diversity Jurisdiction are with merit. Clermont respectfully requests this Court conduct a jurisdictional analysis.

1

- In the Alternative, transfer of venue is appropriate and Clermont requests this Court transfer all third-party claims to the same venue.

## II.   Klaus's Third-Party Complaint Should be Dismissed Because its Claims against Clermont are not Derivative of Mulholland's Original Claims.

For an impleaded claim to be proper, the potential liability of the third-party defendant *must* be contingent upon the outcome of the original claim. *See, e.g., United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 752 (5th Cir.1967) ("[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."). Impleader is permitted so that a third-party may be liable to the original defendant for some other independent reason – it is not enough for the impleaded claims to arise from the same facts and events as the original claim. *Id.* As cited in Enbridge's Motion, the third-party complaint must "depend [] at lease in part upon the resolution of the primary lawsuit" such that there is a logical dependence between the two. *See*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978).

Klaus's claims against the Third-Party Defendants, including Clermont, are not contingent upon Mulholland's claims against Klaus. Mulholland initially sued Klaus for breach of contract based on nonpayment for goods and services rendered to Klaus at a facility owned by Third-Party Defendant Enbridge in Cushing, Oklahoma ("Cushing Facility"). Klaus then impleaded Clermont for tortious interference with a business relationship and Enbridge for *quantum meruit* because Klaus alleges it did not pay Mulholland as a result of Clermont's alleged interference that purportedly caused Enbridge to terminate and stop payment to Klaus for its work at the Cushing Facility.

As a factual matter, whether Mulholland proves that Klaus failed to pay for its services and goods does not govern Klaus's claims against Clermont. Klaus's claims against Clermont – for

2

allegedly interfering with Klaus and Pilgrim Construction, LLC's ("Pilgrim") business relationship – do not depend on whether Mulholland's claims against Klaus succeed or fail. In other words, Clermont is no more or less liable to Klaus based on Klaus's liability to Mulholland.

Furthermore, Klaus has not asserted that its claims against Clermont are derivative of Mulholland's claims against Clermont. Klaus does not seek damages from Clermont contingent upon its liability on Mulholland's claims. In fact, Klaus specifically alleges that it has been harmed by Clermont by becoming involved in this conflict, regardless of whether Mulholland prevails. Klaus's claims against Clermont stand on their own and Klaus's Third-Party Second Amended Complaint does not limit its claims to mitigating any damages that it may need to pay to Mulholland. Clermont's alleged liability is not dependent upon the outcome of Plaintiff's claims against Klaus and Klaus has failed to demonstrate the dependent or derivative relationship of Clermont's liability as required by Rule 14(a).

Clermont has not been properly impleaded because its liability is in no way contingent upon Klaus's liability to Mulholland; therefore, Clermont should be dismissed as a party to Klaus's Second Amended Third-Party Complaint.

### III. The Court's Jurisdiction has not been established because Mulholland's diversity allegations are insufficient as a matter of law.

The citizenship of a limited liability company ("LLC") "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *see Servicios Comerciales Lamosa, S.A. de C.V. v. De la Rosa*, 3:16-CV-54-L, 2018 WL 1532392, at *4 (N.D. Tex. Mar. 29, 2018) (explaining what a plaintiff must establish for purposes of diversity jurisdiction when one party is an LLC). The "principal place of business" allegation establishes a corporation's citizenship, not an LLC's citizenship. *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, No. 23-20570, 2024 WL 4258384,

at *1 (5th Cir. Sept. 20, 2024).  In the underlying claim, Third-Party Plaintiff Klaus alleges that Plaintiff Mulholland Energy Services ("Mulholland") is "a Texas limited liability company …. incorporated in Texas and has its principal place of business in Texas."  DE 1 ¶ 5.

At the pleading stage, "the party invoking the federal court's jurisdiction must allege the citizenship of each LLC's members." *Megalomedia,* 2024 WL 4258384, at *1.  As such, "the burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).  Specifically, "[i]n cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Uglunts v. Americare Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996))).

Here, Klaus apparently relied on Mulholland's Original Petition in the underlying claim to establish diversity jurisdiction, which did not include any allegations related to the citizenship of its members as required. Therefore, this jurisdictional defect must be corrected by identifying and properly pleading the citizenship of each of its members before this Court may properly exercise its jurisdiction. *See, e.g., Bates-Cooper Sloan Funeral Home, LLP v. W. Am. Ins. Co.*, No. 5:23CV101-RWS-JBB, 2024 WL 1627240, at *7 (E.D. Tex. Mar. 28, 2024), *report and recommendation adopted*, No. 5:23-CV-101-RWS-JBB, 2024 WL 1622626 (E.D. Tex. Apr. 15, 2024) ("Once a court determines that a non-diverse defendant is improperly joined, that defendant's citizenship may not be considered for purposes of diversity jurisdiction, and that defendant must be dismissed without prejudice.") (citing *In re N&W Marine Towing, L.L.C.*, No. 23-30112, 2024 WL 77475, at *5 (5th Cir. Jan. 8, 2024) (citing Int'l Energy, 818 F.3d at 209)); *Yang v. Roper*, No. 3:24-CV-3019-K-BN, 2024 WL 5160369, at *5 (N.D. Tex. Dec. 6, 2024),

*report and recommendation adopted*, No. 3:24-CV-3019-K, 2024 WL 5161856 (N.D. Tex. Dec. 18, 2024) (holding that the district court should dismiss the case for lack of subject matter jurisdiction); *CoreStates Constr. Servs., Inc. v. Red Beard Excavators, LLC*, No. A-22-CV-898-RP, 2024 WL 5036606, at *1 (W.D. Tex. Oct. 10, 2024). Therefore, Klaus' third-party claims should be dismissed for failure to properly plead subject matter jurisdiction.

**IV.    In the Alternative, should the Court transfer this matter to another venue, Clermont respectfully requests this Court transfer all third-party claims to the same venue.**

Enbridge and Klaus request alternative relief requesting this Court to transfer this matter, either in whole or in part, to another venue. Should this Court transfer this matter, Clermont respectfully requests that all third-party claims be transferred to the same venue. Enbridge's Motion requests this court (in the alternative) transfer Klaus' third-party claims to the Western District of Oklahoma. *See*, D.E. 41, pgs. 6-7. Likewise, Klaus also requests alternative relief seeking transfer of this matter to the Northern District of Oklahoma. *See*, D.E. 45, pgs. 4-5. As cited by both Enbridge and Klaus, Clermont is a resident of the State of Oklahoma. Clermont concedes that venue would be proper in Oklahoma. Klaus' claims against Enbridge and Clermont are dependent upon the same potential key witness, locations and actions. See, D.E. 42, Klaus' Second Amended Third-Party Complaint. Should this Court transfer this matter, Clermont respectfully requests that all third-party claims be transferred to the same venue for the convenience of the parties, witnesses, access to evidence as well as judicial economy.

## CONCLUSION

For the forgoing reasons, Clermont respectfully requests that its Motion to Strike for Improper Impleader and Motion to Dismiss for Improper Venue be granted. Alternatively, Clermont respectfully requests (1) that the Court undertake a jurisdictional analysis in the first

instance because the diversity allegations contained in Klaus' notice of removal are insufficient to establish diversity jurisdiction, (2) in the alternative, transfer all third-party claims to the same venue; and (3) if the Court needs additional briefing on the above issues, allow at least thirty days for Clermont to provide additional briefing.

        Respectfully submitted,

        **GORDON REES SCULLY MANSUKHANI LLP**

        By: */s/ Jared L. Byrd*
            Jared L. Byrd
            State Bar No. 24078295
            jbyrd@grsm.com
            Telephone: (512) 582-6473

            2705 Bee Caves Road, Suite 220
            Austin, Texas 78746
            Telephone: (512) 391-0197
            Facsimile: (512) 391-0183

**ATTORNEYS FOR THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the above and foregoing was served on this the 31st day of May, 2025, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, CM/ECF, to:

Ryan Scharnell
Scott Hathaway
CONNER & WINTERS, LLP
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
918-586-5711
918-586-8547- fax
Shathaway@cwlaw.com
rscharnell@cwlaw.com

Jason Lee Van Dyke
MAGNA & VAN DYKE PLLC
1417 E. McKinney St., Ste. 110
Denton, TX 76210
940-382-1976
jason@maganavandyke.com

Ronald W. Dennis
Taylor Levine
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401

                                       /s/ *Jared L. Byrd*
                                       Jared L. Byrd