UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MULHOLLAND ENERGY SERVICES, LLC | § § § § | |
| Plaintiff, | § § | |
| v. | § § § § | CASE NO. SA-24-CA-00093-XR |
| KLAUS, INC. | § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § § | |
| ENBRIDGE STORAGE (CUSHING), LLC, and CLERMONT INNOVATIVE DESIGN, LLC, | § § § § § | |
| Third-Party Defendants. | § | |

**DEFENDANT/THIRD-PARTY PLAINTIFF KLAUS, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT CLERMONT INNOVATIVE DESIGN, LLC'S MOTION IN SUPPORT OF ENBRIDGE'S MOTION TO DISMISS FOR IMPROPER IMPLEADER AND FOR IMPROPER VENUE**

Defendant and Third-Party Plaintiff Klaus, Inc., ("**Klaus**") files this objection and response to Third-Party Defendant Clermont Innovative Design, LLC's ("**Clermont**") *Motion in Support of Enbridge's Motion to Dismiss for Improper Impleader and Improper Venue* (the "**Motion**"). As stated previously, Klaus concedes all work performed by Plaintiff Mulholland Energy Services, LLC ("**Mulholland**") for Klaus was performed in Cushing, Oklahoma – not Texas. However, Klaus' third-party claims are in part contingent or dependent on the outcome of the Mulholland's claims against Klaus. Further, opposed to dismissing this action, this Court should take the less draconian step, and transfer the entire case to the Northern District of Oklahoma. In support thereof, Klaus shows the Court as follows:

**Overview of Issues**

1) Klaus' Second Amended Third-Party Complaint should not be dismissed pursuant to Fed. R. Civ. P. 14(a)(4) as all of allegations under the Third-Party Complaint arise out of the same transaction and occurrence alleged by Mulholland in its Complaint, and the Third-Party Defendants' liability is contingent or dependent upon the outcome of Mullholland's claims.

2) Alternatively, Klaus does not oppose transferring the entire case, not just its claims against the Third-Party Defendants, to Northern District of Oklahoma which has jurisdiction over the claims arising not only the in Second Amended Third-Party Complaint, but in Mulholland's Second Amended Complaint as well. Since all Defendants are in located in Oklahoma, venue would be proper in the Northern District of Oklahoma where Third-Party Defendant Clermont Innovative Design resides.

**ARGUMENT AND AUTHORITIES**

This lawsuit exclusively concerns work performed at Cushing Facility in Oklahoma, owned by Enbridge. To provide context, Enbridge, the property owner, contacted with Pilgram Construction, LLC ( "Pilgram") to perform among other things, electrical and instrumentation work on the property. Pilgram subsequently subcontracted with Klaus for some of its tasks on the property. Ultimately, Klaus was forced to employe Mulholland for its hydro vac work while working for Pilgram on the Cushing Facility Project. (See Declaration of Kelly Klaus executed November 19, 2024 at ¶ 4 attached as Exhibit 1). Klaus has never independently engaged Mulholland's services, either before or after the Cushing Facility Project, and only did so at the bequest of its superiors during the project. (Id. at ¶¶ 4-10).

I.  **KLAUS' TORTIOUS INTERFERENCE CLAIM AGAINST CLERMONT ARISES FROM THE SAME TRANSACTION OR OCCURANCE AS THE UNDERLYING CLAIM, AND A PORTION OF CLERMONT'S LIABILITY DEPENDS ON THE OUTCOME OF MULHOLLAND'S CLAIM.**

Under Federal Rules of Civil Procedure 14(a), Klaus is authorized to interplead Clermont (and Enbridge) as Clermont may be liable to Klaus for all or a part of the claims brought by Mulholland. Rule 14 is to be liberally construed to effectuate its intended purpose: preventing "… the necessity of trying several related claims in different lawsuits by affording an opportunity to

accomplish in one preceding the adjudication of the rights of all persons concerned in the controversy." *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954); *see also United Energy Drilling, Inc. v. Hadaway Consulting & Eng'g, LLC*, No. 2:23-CV-119-BR, 2024 WL 583499, at *3 (N.D. Tex. Feb. 13, 2024) ("federal courts are directed to construe Rule 14 liberally.") Rule 14 allows a party to assert claims against a third party for "any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Impleaders are proper when:

> … the impleaded party is or may be liable for "part of the claim against [the original defendant.]" Impleader is *not* permitted because a third party may be liable to the original defendant for some other, independent reason. In other words, it is not enough that the impleaded claims arise from the same facts and events as the original claim; rather, for the impleaded claim to be proper, ***the potential liability of the third-party defendant must be contingent upon the outcome of the original claim***.

*Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (internal citations omitted) (emphasis added). "The third-party claim need not be identical nor based on the same theory as the main claim." *Powell, Inc. v. Abney*, 83 F.R.D. 482, 486 (S.D. Tex. 1979). Additionally, "the words 'is or may be liable' in Rule 14(a) make it clear that 'impleader is proper even though the third-party defendant's liability is not automatically established once the third-party plaintiff's liability to the original plaintiff has been determined.'" *Id*.

This is not a situation where Klaus is seeking to recover from the Third-Party Defendants under a tort theory or breach of contract wholly unrelated to the Mullholland's claims. No, Klaus seeks to mitigate any damages it may be required to pay Mullholland from Clermont and Enbridge, who interfered with a contract, or were unjustly enriched by the same services Mulholland attempts to recover from Klaus. In short, the damages Klaus attempts to recover from Clermont and Enbridge will directly increase or decrease based on Klaus' liability to Plaintiff.

In *Mitchel v. Hood*, *supra*, the Fifth Circuit went to great lengths to demonstrate how the defendant's damages were not "contingent upon [defendant's] liability on [plaintiff's] claim." 614 F. App'x at 140. In *Mitchell*, the defendant alleged he was harmed by the impleaded party "simply by becoming embroiled in this conflict, and the existence of [plaintiff's] lawsuit, **regardless of whether [plaintiff] prevails**." *Id*. (emphasis added). The court reasoned that defendant's claims against the impleaded party stand on their own, regardless of whether the plaintiff was successful against the defendant, and that defendant did not "limit his claims to mitigating any damages that he may need to pay to [plaintiff]". *Id*. That is not the case here.

While working at the Cushing Facility, Klaus billed Pilgram for all its services and third-party services (including Mulholland) performed at the site However, as stated in the *Second Amended Third-Party Complaint* [Dkt. No. 42], Clermont's interference caused Pilgram to stop paying Klaus for the work it had previously performed and billed, including some work performed by Mulholland. Thus, if Mulholland is successful in its claims against Klaus, it establishes damages suffered as a direct result of Clermont's interference. If Mulholland is not successful in its claims, then Klaus' damages against Clermont decrease.

Clermont's liability is directly contingent and dependent on the results of Mulholland's claims against Klaus. Klaus is attempting to mitigate any damage it is found liable for against the party who interfered with a contract designed to pay Mulholland's claims, and the party who was directly and unjustly benefited by Mulholland's work, Enbridge. Klaus' Rule 14 impleader was proper.

This same analysis applies to Enbridge. Mulholland's claims against Klaus go directly to the amount Enbridge was unjustly enriched. Klaus' claim against Enbridge for unjust enrichment

will increase or decrease depending on Mulholland's claims against Klaus, making Enbridge's liability partially contingent and dependent on Mulholland's claim.

As seen above, Mulholland's claim against Klaus relates to its services at the Cushing Terminal, part of the Cushing Field Project, the same transaction or occurrence complained of by Klaus against Clermont and Enbridge. Klaus' claims against Clermont and Enbridge are partially dependent and contingent on the claims by Mulholland, and the impleader under Rule 14 is proper.

## II. DISMISSAL IS NOT WARRANTED, AND THIS COURT SHOULD TRANSFER THE ENTIRE CASE TO THE NORTHERN DISTRICT OF OKLAHOMA

Upon further investigation of Mulholland's claim (through its invoices and field tickets produced through discovery), it is clear **no** work was performed by Mulholland for Klaus in the Western District of Texas, or Texas at all despite Plaintiff's allegations regarding same[1]. The only work Mulholland performed for Klaus occurred in Cushing, Oklahoma at the Enbridge Facility. Klaus' third-party claims against Clermont and Enbridge relate, in part, to the work Mulholland performed in Cushing, Oklahoma. Therefore, pursuant to 28 U.S.C. § 1406(a), this Court should transfer the entire case to the Northern District of Oklahoma as venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

Section 1406 allows courts to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits", including venue issues. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). The Supreme Court of the United States has found Section 1406(a) is broad enough to allow the transfer of cases, where venue is improper whether

---

[1] See Dkt. No. 10 at ¶ 3 ("Venue is proper in the San Antonio division of this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in Pleasanton, Texas". It should be noted Plaintiff initially filed this matter in the District Court of Atascosa County, Texas alleging Klaus' "principal office is located in Harris County, Texas" despite Plaintiff knowing Klaus was an Oklahoma corporation See Plaintiff's First Amended Petition at ¶¶ 2.2 and 2.4 in Case No. 23-09-0608-CVA attached hereto as Exhibit 2.

the district court has jurisdiction over the defendants or not. *Id*. at 466. The interest of justice standard under Section 1406:

> … may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into [Section 1406] which do not exist in the language Congress used to achieve the procedural reform it desired.

*Id*. at 467.

Klaus concedes, and Clermont confirms, it is a resident of the Northern District of Oklahoma [See Dkt. Nos. 22 and 32 at ¶4]. Enbridge admitted it is a resident of the Western District of Oklahoma and the Southern District of Texas. [Dkt. No. 31 at p. 5-6]. Since both Defendants are deemed to reside in the State of Oklahoma, venue for Klaus' claims is proper in either the Northern District of Oklahoma or the Western District of Oklahoma where either Defendant resides. 28 U.S.C. § 1391(b)(1).

The same can be said for Mulholland's claims against Klaus. Venue for those claims would be proper in either the Northern District of Oklahoma (28 U.S.C. § 1391(b)(1), (c), and (d)) or the Western District of Oklahoma (28 U.S.C. § 1391(b)(2)). Because all of Mulholland's claims and Klaus' third-party claims are proper in the Northern District of Oklahoma, Regardless, it is undisputed that venue is improper in Texas, Klaus respectfully requests this Court transfer the entire case to the Northern District of Oklahoma.

### IV.  CONCLUSION

For the reasons stated here, the Third-Party Defendant Clermont Innovative Design, LLC's *Motion in Support of Enbridge's Motion to Dismiss for Improper Impleader and Improper Venue* must be denied, but, alternatively, the entire case should be transferred to the Northern District of Oklahoma pursuant to 18 U.S.C. 1406, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**CONNER & WINTERS, LLP**

*s/ Ryan T. Scharnell*

P. Scott Hathaway (*pro hac vice*)
OK State Bar No. 13695
Ryan T. Scharnell (*pro hac vice*)
OK State Bar No. 30244
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma  74103
Tel. (918) 586-5711 | Fax (918) 586-8547
E-Mail: shathaway@cwlaw.com
            rscharnell@cwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was served on this 13th day of June 2025, pursuant to the Federal Rules of Civil Procedure, CM/ECF, to:

Jason Lee Van Dyke
MAGANA & VAN DYKE, PLLC
1417 E. McKinney St., #110
Denton, TX 76209

Ronald W. Dennis
Taylor Levine
Royston, Rayzor, Vickery & Williams, LLP
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401

Jared L. Byrd
GORDON REES SCULLY MANSUKHANI
2705 Bee Caves Road, Suite 220
Austin, Texas 78746

*s/ Ryan T. Scharnell*
Ryan T. Scharnell

Response to Clermont's Motion to Dismiss        7